ANDREW HOWELL, plaintiff in error, vs. A. SHANDS & Co., defendants in error.

[1.] When seven persons only are sued on a judgment of record, and the exemplification offered in proof, shows that eight persons were included in the judgment, it is a fatal variance·

[2.] Where the record of a foreign suit shows that an execution issued and certain proceedings thereon were had, and the exemplification of the record does not set out a copy of such execution, the evidence is demurrable.

Howell vs. Shands & Co.

[3.] When an action of debt is brought on a joint judgment, and two of the parties only are served, the Sheriff returning *non est inventus* as to the rest of the defendants, it is error in the Court to allow the name of one of the defendants who was sued and served, to be stricken from the case, and it may be taken advantage of by plea of *non joinder*, filed instanter by the other defendant.

Debt on foreign judgment.    In Lumpkin Superior Court. Tried before Judge IRWIN.    February Term, 1866.

This action is described in 28 *Ga. R.* 222, the case of *Shands & Co. vs. Howell & Co.*, except that the name of Andrew J. Mullinax is not found in the declaration that now comes up in the record ; the consequence of which is, that, according to said declaration, the firm of A. Howell & Co. consisted of seven persons only, and hence, the judgment rendered in California, is to this extent, different, as set out in the declaration, from the one introduced in evidence.

At the last trial of the cause in the Court below, the plaintiffs, before offering any evidence, moved to amend by striking from their declaration the name of Andrew J. Mullinax. Counsel for Howell objected.    The Court overruled the objection, and allowed the amendment.    This left the cause to proceed against Andrew Howell alone, six of the original defendants not having been served with process, but returned by the Sheriff *non est inventus.*

Counsel for the defendant now announced to the Court that they would amend their plea, but afterwards declined doing so.

Plaintiffs then offered in evidence the exemplification of a record from California, which is copied in 28 *Ga. R.* pp. 222–3–4, together with a statute of that State concerning forcible entries and unlawful detainers.    Defendant's counsel objected to the latter as irrelevant ; and to the former :

1st. As proving a joint debt of record against eight defendants, and not a several and separate liability against Andrew Howell.

2d. As not showing affirmatively that the Justice's Court

(the same not being a Court of record and general juris-
diction) had jurisdiction of the persons of defendants or the
subject matter of the suit, but, on the contrary, showing
that said Court had exceeded its jurisdiction.

3d. As not showing from what Court the appeal was en-
tered, or that the appeal dismissed was in the same case tried
in the Justice's Court.

4th. As showing that a fi. fa. was issued, but not setting
out the fi. fa. itself.

The Court overruled the objections and admitted the evi-
dence.

The defendant then offered a sworn plea in abatement, al-
leging the non-joinder of proper and necessary parties to
the present action. The plaintiffs objected, on the ground
that the plea came too late; and also, on the ground that it
was not sufficient in law, even if defendant had filed it in
time. The Court sustained the objection and refused to al-
low the plea.

The plaintiffs' evidence being closed, the defendant moved
the Court for a nonsuit, on the ground that the proof
showed a joint liability against eight defendants, while the
action was proceeding against one severally—Mullinax, at
least, who was served, and who was stricken by amend-
ment during the trial, being a necessary party. The Court
refused the motion, holding that the liability was several as
well as joint.

The defendant then introduced in evidence a Statute of
California, regulating proceedings in the Courts of Justices
of the Peace in civil cases; also the following release:

"A. Shands & Co.
vs.　　　　　　Debt on foreign judgment from State of Californa, now
Andrew Howell,　　　pending in Lumpkin Superior Court.
Andrew J. Mullinax, et. al.

Received of Andrew J. Mullinax, one of the defendants,
two hundred and thirty dollars, by compromise, in full of
his *pro rata* share of the above debt; and, hereby, in con-
sideration of said sum, I do release and fully discharge said
Mullinax from all present or future liability on account of

said debt.   But this is not to release or discharge any, or either of the other defendants, from any legal liability whatever.

Auraria, Ga. Oct. 24th, 1860.

WIER BOYD, Plaintiff's Attorney."

He then introduced said Andrew J. Mullinax, whose testimony related mainly to what transpired in California in reference to service, appearance, and the employment of counsel, in the suit in that State.

The defendant requested the Court to charge the jury (1) that the plaintiffs could not recover against him alone, in this action, on the judgment from California; (2) that dismissing the action as to Mullinax, dismissed it as to Howell; and (3) that a release to one defendant releases all, and Howell is entitled to the full benefit of the release made by the plaintiffs' attorney to Mullinax, and the attorney could not repudiate said release on the ground that he had no authority from the plaintiffs to give it.   The Court refused so to charge, but charged, in substance, to the contrary, except that, as to the release, any amount paid to the attorney would be a credit to the defendant.

After a verdict for the plaintiffs, the defendant moved for a new trial, on numerous grounds:

1. Because the amendment was allowed to plaintiffs' declaration striking therefrom Andrew J. Mullinax as a party defendant.

2. Because the defendant's plea in abatement was overruled.

3. Because the exemplification of the record from California was admitted in evidence.

4. Because a non-suit was not awarded.

5-6-7. Because the charges requested by defendant were refused, and the charges given in lieu thereof were erroneous.

8-9-10. Because the verdict was contrary to the charge of the Court, contrary to law, and contrary to evidence.

11. Because, by mistake of plaintiffs' counsel in handing

the papers to the jury, the latter did not have out with them the original release introduced by defendant, but only a copy of it attached to the plea.

12. Because the verdict was for a gross sum, including both principal and interest.

The Court, after separating the principal and interest by a calculation, ascertaining the amount of each, and ordering judgment to be entered up for each, separately, overruled the motion and refused a new trial. This is complained of as error.

BELL, KNIGHT and LESTER, for plaintiff in error.

RICE, BOYD and BROWN, for defendants.

LUMPKIN, C. J.

We do not know whether much good will result from temporarily suspending this case. The defects complained of being more matters of form than substance; still, taking the direction that it has, devolving the liability originally incurred by eight persons on one only, he feels it, we suppose, a duty which he owes to himself to throw whatever obstacles he can in the way of a recovery.

[1.] The first objection that strikes us in the proceeding is this : This is an action of debt upon a California judgment against eight defendants, when, according to the declaration that now comes up as a part of the record in the case, the firm of A. Howell & Co., the original defendants, consisted of seven persons only. Hence, there is a variance between the judgment rendered in Califorina from the one introduced in evidence. Indeed, the record of the case brought in Lumpkin county is contradictory of itself. It recites that Andrew Howell, Phillip Howell, Rufus Howell, Phillip Stonecipher, Joberry Mullinax, Thomas Thompson, and Thomas Phillips, of said county, recently a mining company in the county of Eldorado, State of California, then

and there mining and trading, and acting as joint and several co-partners, under the firm name and style of A. Howell & Co., owe to, and from your petitioners unjustly detained the sum, &c.

On the 13th day of October, 1856, Amarine Shands, one of the firm of Shands & Co., sued out bail process against Andrew Howell, one of the defendants in the action, in which it is alleged that the *seven* persons whose names are above enumerated, and Andrew Mullinax, whose name was not before mentioned—making eight, instead of seven partners, acting under the name and style of A. Howell & Co., —are justly indebted to affiant on a foreign judgment from the State of California.

It is not to this latter variance, apparent on the face of the the declaration, that our objection is predicated. But the objection is, to offer a record from California, whereon a judgment is recovered against eight persons to support an averment that the judgment was against seven only, as was evidenced by this record. The allegation and the proof do not agree. Who compose the firm of A. Howell & Co., who are alleged to be indebted to the plaintiffs the amount recovered by the California judgment?

[2.] The record shows that there was an execution issued, upon which the property of the defendants—to-wit: their mining claims and fixtures—were sold under it, as is certified to by S. L. Crane, J. P., and yet there is no copy of said execution, with the proceedings had under it, set out in the exemplification. We think this was error. It is not competent for any body to state the contents of such a paper, when the paper itself is a matter of file or record. A certified copy is the highest and best evidence of its contents, as well as of the proceedings had under it, and we do not understand the decision in 28 *Georgia Rep.* 222, to cover this point.

[3.] We think that the Court erred in refusing the plea of non-joinder, after the name of Andrew Mullinax was stricken out of the case by the plaintiff, by the permission

of the Court; and upon this proposition we have felt no little difficulty. After listening patiently to the authorities read from *Gould's Pleading* and other elementary treatises, we feel quite sure that the able counsel for the defendants in error have failed to produce any direct authority which appears to be decisive upon this point.

Perhaps it would be as well to advert briefly to the law of contracts. Contracts are classified under three heads—1. Contracts of record. 2. Contracts of specialty. 3. Simple contracts. A debt of record is a sum of money which appears to be due by the evidence of a Court of record. Such a contract has these peculiar properties, or characteristics : It operates as an estoppel, and is conclusive between the parties. It effects, or works, a merger of the original cause of action. Thus: if a judgment be recovered for a debt due by bond, the debt thus becomes, by judicial proceeding, an act in law, transformed and metamorphosed into a matter of record, upon which latter security, whilst it remains in force and unreversed, the plaintiff's remedy, if any, must, in such manner as the law allows, be had.

The doctrine of merger is thus explained by the Court of Exchequer in *King vs. Hoare* 13, *M. & W.* 494, 504 : "If there be a breach of contract, or *wrong done*, or any other cause of action by one against another, and judgment be recovered in a Court of record, the judgment is a bar to the original cause of action. Hence, the legal phrase, *transit in rem judicatum*, derives its force and aptitude. The cause of action is changed into matter of record, which is of a higher nature, and the inferior remedy is merged in the higher. This remark equally applies, whether the cause of action be against a single person or many. The doctrine of merger holds not only where the original action was founded upon contract, but where it was founded upon a tort for wrong, independent of contract. The judgment in this latter case, as well as in the former, when obtained, constituting a contract of record in which the right of action *ex delicto* is wholly merged. If, therefore, one hath judgment to recover

in trespass against *one*, although he be not satisfied, yet he shall not have a new action for this trespass. By the same reason, *econtra*, if one hath cause of action against *two*, and obtain judgment against one, he shall not have remedy against the other."

We will now apply these remarks to the case in hand. We concede, therefore, that for the trespass committed in California, the plaintiffs had their election to proceed against the defendants as trespassers, either jointly or severally. They did proceed against them jointly, and obtained a verdict and judgment against them jointly. They must, therefore, regulate all their subsequent proceedings accordingly.

They instituted suit in Lumpkin county, jointly against the defendants, and two of the defendants are served, Andrew Howell and Andrew Mullinax, and *non est inventus* returned by the Sheriff as to the other defendants; whereupon, upon the plaintiff's application, Mullinax is stricken from the writ, and the cause suffered to proceed alone against Howell, and the joint judgment rendered against eight persons in California, is offered in evidence to sustain the action against Howell alone.

To justify this proceeding counsel refer often, if they do not rely much upon the original cause of action. That the defendants were joint and several trespassers. I trust that the general observations made as to the doctrine of merger, entirely precludes any such reference. The original trespass is completely buried in the joint judgment, upon which this action is brought. It can only be treated as a joint liability, evidenced by the record from California.

But Section 3415 of the Code is relied upon to justify this amendment. It reads thus, " When two or more persons sue, or are sued in the same action, either on a contract or for a tort, the plaintiff may amend his declaration by striking out one or more of such defendants, and proceed against the remaining defendant or defendants if there is no other legal difficulty in the case."

Just so. But we apprehend the very difficulty which we

are endeavoring to explain is in the way.  A suit pending on a joint judgment against *two*, if you please, both residing in the county where the suit is pending, and both served by the Sheriff, one is arbitrarily dismissed from the action and it is proposed to proceed to judgment against the remaining defendant alone.

Is there any other case known in practice where this can be done, where the liability is joint?  I do not affirm that there is not; what I do say is, that such a procedure cannot be helped, upon the idea of the original action being tresspass, the parties were jointly and severally liable.  It has passed beyond this and can only be known now and treated as a joint debt, evidenced by a record, against which nothing can be alleged, but that there is no such record.

This section of the Code, like many others, is intended to subserve the ends of justice.  Plaintiffs and defendants may be changed for this purpose, but never to work a wrong or injury to parties.

Section 3908 of the Code provides that, " If judgment is entered jointly against several trespassers, and is paid off by one, the others shall be liable to him for contribution," and this is obviously right.  Whether this provision is restricted to tresspasses committed since the adoption of the Code, or to those also before, and the judgment has not been paid since, is not in the case.  If the latter construction should be adopted, then the discharge of Mullinax might affect the continuing liability of Howell.  At any rate, is it competent for the plaintiff to dismiss one of the joint judgment debtors at this stage of the proceeding.  This is merely the suggestion of the Judge who writes out the opinion.

And whether the common law rule obtained in California when this judgment was recovered, or the law of this State as it is now declared in the Code, does not appear.

Considering that the plea in abatement tendered by the defendant ought to have been allowed to be filed, and that it was in time, the exigency having just occurred which made

such a plea applicable, we reverse the judgment of the Court below.

Judgment reversed.