## Gilman, Bentley & Co. v. Foote & Co.

1. **Judgment**: AGAINST A SEVERAL OBLIGOR: SATISFACTION. The recovery of a judgment upon a promissory note executed by a firm and also by an individual member thereof, against the latter as a several maker, is not a bar to a subsequent action against the firm, unless there be an actual satisfaction of such judgment. An entry of satisfaction which is afterward set aside cannot avail as a defense.

2. —— PARTIES. Nor can such makers object, in the subsequent action, that they were not made parties to the chancery proceeding in which the apparent satisfaction of said judgment was set aside.

*Appeal from Dubuque District Court.*

TUESDAY, JULY 9.

JOINT AND SEVERAL OBLIGATIONS: EFFECT OF JUDGMENT ON: SATISFACTION OF JUDGMENT SET ASIDE, AND EFFECT THEREOF, ETC. — Plaintiffs' action is at law upon a promissory note, as follows:

" BELVIDERE, Ill., Sept. 2, 1857.

"$600.    Sixty days after date, for value received, I promise to pay Gilman, Bentley & Co., or order, six hun-

dred dollars, with interest at ten per cent, being for borrowed money.

(Signed.)    " E. S. FOOTE & CO.,<br>E. S. FOOTE."

The action is against the *firm* of E. S. Foote & Co., the petition alleging the firm to be composed of Noah C. Amsden, Jonathan Amsden, Erastus S. Foote, Pliny Walker, and William Smith. The petition is in the usual form, stating that the note is unpaid and praying judgment against the defendants thereon. E. S. Foote, individually, is not made a defendant. Defendants Noah C. Amsden and Pliny Walker answer, averring that, on the 5th day of December, 1857, plaintiffs recovered judgment on said note against said E. S. Foote, in the Circuit Court of Boone county, Illinois; that on the 18th day of February, 1858, *fi. fa.* issued thereon, was levied upon certain real estate of said Foote, which was sold by the sheriff and bid in by the plaintiffs for the full amount of the execution, which was returned *satisfied in full*. Exemplified copies of the record of said cause in Illinois, together with the execution and return, are attached to the answer as part thereof. The answer further avers, " that afterward the said N. C. Amsden had an accounting with the said E. S. Foote, concerning the satisfaction of said execution by the sale of said property, and allowed and paid said E. S. Foote one-half of the amount of said execution, in consideration of the satisfaction of the same by the sale of the property of the said Foote, wherefore defendants pray judgment, etc." No other facts were alleged, or defense pleaded in the answer. After the filing of this answer, plaintiffs filed an *amended petition*, and therein alleged as follows: " That after the proceedings set out in the answer of Noah C. Amsden and Pliny F. Walker were had, certain other proceedings were had

in the said Boone County (Illinois) Circuit Court, on the chancery side thereof, whereby the *satisfaction* of the said judgment, by the sale on said execution, was *set aside*, and the judgment against Foote left in full force. A copy of the record in said chancery proceeding showing this, is made part of the amended petition, which concludes as follows: "That said Amsden and Walker ought not to have and maintain their said defense by reason of any thing in the said answer contained; wherefore plaintiffs pray judgment as in petition."

Defendants Amsden and Walker demurred to the petition as amended, upon the following grounds:

1. Petition admits the rendition of a judgment on said note, and the satisfaction of said judgment, but alleged that such satisfaction was set aside by a proceeding in chancery, and does not state that defendants Amsden and Walker, were made parties to that proceeding.

2. Said petition admits the rendition of judgment against one of the firm of E. S. Foote & Co., whereby the other members of said firm were released.

3. Petition does not show good grounds for the setting aside the satisfaction of said judgment.

4. Judgment on the note against E. S. Foote, released Amsden and Walker, and the subsequent proceedings against E. S. Foote did not make Amsden and Walker again liable on said note.

This demurrer was sustained on the first point states therein, and plaintiffs excepted. It was overruled as to the others, and the defendants excepted.

Plaintiffs stood by their pleadings, and judgment passed against them.

Both parties appeal from the ruling of the court on the demurrer.

The cause was submitted on printed arguments.

*W. Weigley* and *De Witt C. Cram* for the plaintiffs.

*D. E. Lyon* and *Adams & Robinson* for the defendants.

DILLON, J.—I. The plaintiffs' action in Illinois upon the note now in suit, was against E. S. Foote alone.

1. JUDGMENT: against a several obligor: satisfaction.

The note in suit being *several* as to Foote, it is plain that he might thereon be severally sued and a recovery against him, without satisfaction, would be no merger of the note as to the other makers, E. S. Foote & Co. So far as E. S. Foote is concerned, there is no satisfaction of the judgment. There was for a time an apparent satisfaction, but no real one. This was adjudged in the chancery proceeding against Foote, to which he was a party. And the Illinois judgment is, as to Foote, yet in full force, the sale on execution having been set aside for what was decided to be a fraud on the part of Foote. If Foote had paid and satisfied the judgment or the note in suit, this would inure to the advantage of the present defendants, since the plaintiff's could not recover payment or satisfaction twice. But the court in Illinois decreed that the judgment against Foote had not been paid, and so far as the present defendants claim to be released *simply in consequence of payment* made by Foote, they must abide the case of Foote under whom they made this claim. There was no error in overruling the second, third and fourth grounds of defendants' demurrer, and it is in relation to these that the foregoing observations are made.

This disposes of the defendants' appeal.

II. Plaintiffs' appeal rests upon the alleged error of the court in sustaining the first ground of defendants'

2. —— parties. demurrer to the petition as amended.

If the petition and amended petition, taken together, show a good cause of action, the demurrer thereto should

have been overruled. Thus taken, they show that the judgment in Illinois on the note was against Foote, individually; that, to satisfy it, certain real estate of Foote was sold; that this satisfaction was set aside, and the said judgment decreed to be in full force, notwithstanding the sheriff's sale and return. This action is against the other makers of the note, viz.: the firm of E. S. Foote & Co., and who were not parties to the former action on the same note. And the ground of demurrer which the court sustained, simply is, that the defendants Amsden and Walker, were not parties to the chancery proceeding by which the satisfaction of the judgment was set aside. This alone, without more, is surely no defense to an action upon their promise. They were not parties to the judgment against Foote, and were not, merely because they were co-makers of the note, necessary parties to a bill to cancel a sale of land which did not belong to them, and in which they, as a firm, had no interest. In determining the sufficiency of the plaintiffs' petitions, we must look to them and the allegations they contain. Therefore, no weight can, on a demurrer to a petition, be given to the allegation, in the answer, that, after the satisfaction of said judgment, one of the defendants accounted with Foote. The amended petition is not a *reply*, and is not to be so regarded. The statute supplies the replication in a case like the present.

If the defendants should plead and show that, intermediate the return of the execution satisfied, and the setting aside of such satisfaction, they, upon the *representation and faith* that Foote had wholly satisfied the debt, had paid him, this would present a very different question, and one which does not arise upon the present record. So, if the present defendants were sureties of Foote, and had, upon the strength of the entry of satisfaction of the plaintiffs' judgment, released securities

which they had from him, there would still be a different question from any made in this appeal.

So far as shown, all the makers of the note are principals. We hold that the District Court erred in deciding that the petition and amended petition, taken together, did not set forth a cause of action, or contained facts that avoided a cause of action.

Its judgment sustaining the first point in the demurrer is therefore reversed, and the cause remanded, with leave to defendants to answer the petition as amended, if they shall be so advised.

Reversed.