## ELLS *vs.* BONE.

A draft was drawn by a firm on an individual, and accepted; suit was brought against the drawers and acceptor; service was perfected upon the acceptor and one of the drawers; the other was absent from the state, and was not served, nor was any return of service made as to him; judgment was rendered by default against the parties served; the acceptor became a bankrupt, and there were no firm assets of the drawers; the drawer who was not served having returned to the state, suit was brought against him on the draft:

*Held*, that by the weight of authority at common law, this liability would be merged in the first judgment, but not so in Georgia. In Georgia, judgments so obtained bind the partners or joint contractors served, and the partnership assets, but not the members who were not so served. As to their individual estates, they stand as though no judgment had been rendered in a suit upon the paper to which they were parties. Therefore, the partner not served was liable to be sued upon the draft upon his return to the state.

(*a.*) The fact that no return of *non est inventus* was made as to the defendant on whom no service was perfected, did not operate so as to cause a merger of his liability in the first judgment.

(*b.*) This case differs from that in 35 *Ga.*, 72.

November 6, 1883.

Contracts. Actions. Judgments. Debtor and Creditor. Merger. Before Judge BROWN. Bibb Superior Court. April Term, 1883.

Reported in the decision.

L. N. WHITTLE; G. W. GUSTIN, for plaintiff in error.

HILL & HARRIS; J. C. RUTHERFORD, for defendant.

HALL, Justice.

This case, by consent of parties, was determined by the presiding judge, without a jury, upon the following agreed statement of facts and the questions of law arising thereon:

Plaintiff, in the year 1873, was the owner of a draft due at twenty days, payable to her order, for seven hundred dollars, drawn by Ellis & Laney upon W. A. Cheny. Payments were made upon the paper, considerably reducing the debt.

Plaintiff instituted suit upon this paper, returnable to the October term, 1874, of Bibb superior court, against Cheny, the acceptor, and Ells & Laney, the drawers. Cheny and Laney were alone served; there was no return of service whatever as to Ells, and he was, in fact, not served; judgment was rendered by the court, there being no issuable defence filed under oath, against Cheny, as acceptor, and Laney, as drawer, for $332.80 principal, and $23.30 interest to July the 1st, 1875, and costs. Ells was absent from the state from the 24th day of December, 1873, to the 24th day of December, 1877; this statement as to Ells's absence was agreed to, subject to objection as to its admissibility in evidence. Cheny went into bankruptcy, and there were no funds of Ells & Laney or of Laney to satisfy the judgment. Ells having returned to Georgia, plaintiff brought suit against him, returnable to April term, 1884, of Bibb superior court, on this paper.

The question submitted was, whether Ells's liability on the paper existed after the judgment rendered against Cheny and Laney on the previous suit upon the same paper, or whether it was merged in said first judgment. The presiding judge held him liable to this suit, notwithstanding the judgment in the first suit against his co-contractors, and upon this holding, error is assigned.

While agreeing with the learned counsel for the plaintiff in error, that at common law the weight of authority would merge this liability in the first judgment on the cases cited by him, (Robertson vs. Smith, 18 Johns R., 459; Smith vs. Black, 9 S. & R., 142; Warren vs. McNulty, 2 Gilman (Ill.) R., 325; Ward vs. Johnson, 13 Mass., 148; Mason vs. Etend, 6 Wall. R., 235; 17 Ib., 545), yet we think, under our legislation, no such effect could be given to the first judgment. The act of 1820, Cobb, p. 485, Code, §§3350, 3351, provides that where two or more joint, or joint and several contractors, or copartners, are sued in the same action, and service shall be perfected upon one or more of the joint contractors or copartners, and the officer serving the writ shall return that the rest are not to be found, the plaintiff may proceed to judgment and execution against such as were served, in the same manner as if they were the sole or only defendants.

Judgments so obtained are made to bind, and execution may be levied on, the joint copartnership property, and also upon the individual property, real and personal, of the defendants who have been served with process; but they shall not bind or be levied on the individual property of such as were not served.

On the authority of what was said by this court in *Howell vs. Shands & Co.*, 35 *Ga.*, 72, the defendant contends that this former judgment was converted into a debt of record; that its character as a joint undertaking became thereby fixed; that, as to this joint character, the judgment amounted to an estoppel, and was conclusive between the parties thereto, and that it effected or worked a merger of the original cause of action. The suit in that case was upon a judgment rendered in another state, California; it was brought against all the parties to the judgment, only a portion of whom were served; and the principles above announced were correct and applicable to the facts then before the court. Not so, however, in our case. Ells, by the express provisions of the

statute above cited, was no party, in any sense, to the judgment against his copartner, Laney, and Cheny, the acceptor of the bill. A judgment against a copartnership binds not only the partnership property, but also the individual property of each member of the same who has been served with the process; but it does not bind, and execution issuing thereon cannot be levied on, the individual property of one not served. Was it the purpose of the act to deprive parties of any of their rights in cases thus situated? Their rights as to the partnership property and as to the individual members of the firm who have been called into court and had an opportunity to answer, are certainly concluded; but as to those not served, who have never had their day in court, they stand, in their individual relation to the transaction, just as though no judgment had ever been rendered in a suit upon the paper to which they were parties. No judgment has been rendered against them, and the statute treats their co-contractors who were served, for the purposes of the judgment, just as if they " were the sole or only defendants" in the suit.

This statute has been of force for more than sixty years, and this is the first attempt, so far as we are able to ascertain, that has been made to apply the doctrine of merger to joint contractors not served, and to free them from liability on account of that fact.

This is certainly a circumstance of no little weight, in sustaining the conclusion we have reached. In other states which have similar, if not identical, enactments, the point has been raised, but has not been favorably entertained. 6 Otto, *ut sup.*, 4 Comstock (N. Y.), 513; 4 Hun., 188, 500   2 N. Y. Rev. Stat., p. 377; Wait's N. Y. Code, §136, p. 176; 34 Mo., 276; 5 *Ib.*, 476; 9 N. H., 259; 1 Rich. (S. C.), 480; 12 Ala., 482; 2 Ind., 269; 4 Greene, (Iowa) 212; 22 Iowa, 560; 6 Mass., 18; 3 Metc. (Ky.), 500, 4 Sneed, 229, 231; 6 Yerg., 505.

It is further insisted that the merger will follow, unless the terms of the statute are strictly complied with, and

there has been a return of *non est inventus* as to the defendant on whom no service has been effected; that this return is a condition precedent to the operation of the statute. In *Printup Bros. & Co. vs. Turner,* and *Turner vs. Printup Bros. & Co.,* 65 *Ga.,* 71, 78, this court held, that "when a suit is brought against copartners, or against the survivors of a partnership, it is not necessary to declare against, and pray process as to, all the members thereof, and have a return of *non est inventus* as to those not served, in order to bind their interest in the partnership effects; in either case, the judgment binds the partners served as to their individual property and all the property of the partnership."

In view of these cases, and the further fact that the common law rule seems never to have been adopted, even in the absence of such legislation as ours, in many of our sister states, we cannot do otherwise than to order the judgment affirmed.