No. 10,857.

ROBINSON v. SNYDER ET AL.

JUDGMENT.—*Promissory Note.—Release of Surety.—Burden of Proof.*—Where two joint makers of a note are sued, and one claims to be released because a former judgment rendered upon such note is still subsisting against his co-maker, the burden is upon him.

SAME.—*Motion to Set Aside.—Justice of the Peace.—Partnership.*—Where a judgment by default before a justice of the peace is rendered upon a partnership note against both partners, and one of them within ten days

Robinson *v.* Snyder *et al.*

thereafter pays the costs and moves to set aside the judgment, which is done, it must affirmatively appear that such judgment was only set aside as to the person asking it; otherwise it will be deemed set aside as to both defendants.

SAME.—*Entry of Judgment.—Presumption.*—The fact that the justice recites in his entry that such motion "is granted to him," does not control the presumption that such judgment was set aside as to both defendants.

SAME.—*Transcript.*—Where the transcript of a judgment and the judgment itself conflict, the latter must control, as it is the primary and best evidence of itself.

SAME.—*Evidence.—Collateral Attack.*—Parol evidence is not admissible to contradict or impeach a judgment in a collateral proceeding.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb the finding of the court upon a question of fact where the evidence is conflicting.

From the Whitley Circuit Court.

*C. Clemans,* for appellant.

*T. R. Marshall* and *W. F. McNagny,* for appellees.

BEST, C.—The appellees brought this action before a justice of the peace against the appellant Seth F. Robinson, Elisha Hilliard and Ephraim Hilliard, partners doing business under the firm name of "Hilliard, Robinson & Hilliard," upon a note executed by them in their firm name.

Judgment was rendered by the justice for the appellees, and the appellant alone appealed to the circuit court. The cause was there tried by the court, and judgment was rendered for the appellees. This judgment was reversed by this court, *Robinson* v. *Snyder,* 74 Ind. 110, and after the cause was remanded it was tried by the court, and, over a motion for a new trial, judgment was again rendered for the appellees.

The appellant appeals, and insists that the court erred in overruling his motion for a new trial. The only question embraced in the motion is whether the finding was not contrary to the evidence and to the law.

The appellees read in evidence the note and proved the value of the attorney fees. This made for them a *prima facie* case, and unless the appellant established an affirmative defence the finding was right.

The appellant, as such defence, claims that the appellees, before the commencement of this suit, recovered a judgment upon this note before a justice of the peace against himself and Elisha Hilliard, one of the joint makers; that within ten days thereafter this judgment was set aside as to appellant, the cause thereafter dismissed as to him by the appellees, and that said judgment remains in full force as against said Hilliard, by reason whereof the appellant is released and discharged.

The appellees admit the rendition of said judgment, but deny that it was only set aside as to appellant; they claim it was set aside as to both defendants.

This judgment was rendered by default on the 27th day of April, 1878, and the appellant, in support of his claim, that it was only set aside as to him, read in evidence a transcript from the justice's docket, which contains this entry: " May 2d, 1878. Comes now one of the defendants in the above entitled cause, S. F. Robinson, and asks that a new trial be granted in the above entitled cause, and pays all costs that have accrued, and a new trial is hereby granted to him."

The appellees then produced the docket of the justice, and read therefrom this entry: "May 2d, 1878. Comes now one of the defendants in the above entitled cause, S. F. Robinson, and asks that a new trial be granted in the above entitled cause, and pays all costs that have accrued, and a new trial is hereby granted, and the above judgment is set aside."

Thereupon the appellant offered parol testimony to show that the entry, as shown by the transcript, was originally made by the justice, and that said justice, after ten days from the rendition of the judgment, changed said entry so as to make it read as it now appears upon the docket.

The appellee, in reply, offered some parol testimony to show that the transcript read in evidence by the appellant had been changed in such manner as to show that the judgment was only set aside as to the appellant.

The transcript and the docket both show that after the

judgment was thus set aside, the plaintiffs dismissed the action, and the justice rendered judgment in favor of the defendants for costs.

This is the case made by the evidence, and it is manifest from its mere statement that we can not disturb the finding of the court upon this disputed question of fact. The long established rule of this court is not to disturb the finding where the evidence fairly tends to support it. The record produced in evidence in this case not only tended to support the finding, but, as we think, conclusively established the disputed question of fact.

The appellant, however, claims that the transcript shows that the judgment was not set aside as to Hilliard. Admit it for the sake of argument, and what have we? The transcript showing that the judgment was not set aside, and the record, itself, showing that it was set aside. Here is a direct conflict. Which must prevail, the record or that which purports to be a copy? The record, itself, is the primary, highest and best evidence, while the transcript, at most, is only secondary evidence. This has often been decided by our own and other courts. *Green* v. *City of Indianapolis*, 25 Ind. 490; *City of Logansport* v. *Crockett*, 64 Ind. 319; *Sawyer* v. *Garcelon*, 63 Maine, 25; *Gray* v. *Davis*, 27 Conn. 447.

The transcript and the record are both evidence, but where they conflict the original must prevail, as it bears upon its face indubitable and indisputable evidence of what it contains. The record was, therefore, abundantly sufficient to overcome the transcript, even if we assume that it shows that the judgment was not set aside as to Hilliard.

Did the transcript, however, show such fact? We doubt it. The entry it recites must be construed and read in the light of attending circumstances. This judgment was rendered against partners upon a partnership note. One of them within ten days thereafter pays the costs and asks, in the language of the entry, "that a new trial be granted in the above entitled cause," and the entry says "a new trial is hereby

granted to him." He does not ask for a new trial for himself alone, nor intimate that such request is not made on behalf of himself and partner. Nothing was done by him that was not entirely consistent with the notion that he was acting for the firm and not for himself individually. Each partner is the agent of the others in relation to partnership business, and when any one of them does any act affecting such business, the presumption is that he is acting in behalf of the firm. The mere fact that the justice added the words " to him " to his entry does not control this presumption. The request was made by him and was granted to him, but it does not, therefore, follow, that the justice set aside the judgment to him alone. The entry does not necessarily indicate any such thing, and as this judgment was rendered against partners upon a partnership debt, we think the entry should affirmatively show that the judgment was only set aside as to one in order to control the presumption that it was set aside as to both.

If we are right in this view, then the appellant had no evidence whatever to support his defence, but if we are wrong the record itself controls and overcomes the evidence furnished by the transcript, so that in either view the finding was right.

The appellant, however, offered parol testimony to show that the justice changed the docket entry after the expiration of ten days from the rendition of the judgment, and insists the evidence furnished by the transcript, coupled with this testimony, controls the evidence furnished by the docket entry.

If we are right in the notion that the entry, as shown by the transcript, proves that the judgment was set aside as to both defendants, this testimony amounts to nothing; but if we are wrong in this construction, the result is the same, as this testimony was completely neutralized by the parol testimony of the appellees, tending to show that the transcript had been changed. The conflict thus created made a case peculiarly for the lower court, and its finding in such case will not be disturbed by this court.

This much has been said upon the assumption that this testimony is to be considered. This testimony, however, can not be considered. Its purpose and its effect were to impeach the judgment of the justice collaterally. The appellant offered his record evidence to show that this note had been merged in a judgment taken against one of the joint makers. The appellees replied to this by reading a subsequent entry, showing that such judgment had been set aside. This entry was a judgment, and it can not be disputed or attacked in this collateral manner. *Hooker* v. *State*, 7 Blackf. 272; *Larr* v. *State*, 45 Ind. 364; *Pressler* v. *Turner*, 57 Ind. 56; *Friedline* v. *State*, 93 Ind. 366.

This judgment was conclusive evidence of the facts stated, and no evidence was admissible to contradict or impeach it. This testimony should, therefore, have been excluded below, and must be disregarded here.

This testimony being inadmissible, the only legitimate evidence of the existence of the judgment was the record or its copy, and as the record was produced and proved itself, it necessarily follows that the disputed question of fact was conclusively established.

The appellant also claims that these questions were decided with him upon the other appeal. In this he is mistaken. These questions were not presented nor considered. When the case was here before there was a special finding, with conclusions of law, to which appellant excepted, with a view of presenting the real question in the case. The court below, however, did not find whether or not the judgment was set aside as to Hilliard, and this court declined to infer such fact from the evidence embraced in the finding. Because of this defect the new trial was evidently granted. It is true that the court remarked that the finding was contrary to some uncontradicted evidence, but this remark can not be deemed a decision of these questions, and as they were not decided the appellees are not concluded.

This disposes of all the positions taken to assail the find-

ing, and as we think it was right the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at appellant's costs.

Filed May 17, 1884.   Petition for a rehearing overruled Sept. 26, 1884.