## ALMAND *v.* HATHCOCK.

1. The general rule is that where a joint contract is the subject of a suit, a recovery against one of the joint obligors merges the entire cause of action, and bars any subsequent suit on the same contract against any of the other debtors.
2. But under the Civil Code, § 5591, when two or more joint contractors are sued in the same action and service is perfected on one or more of such joint contractors, and the officer serving the writ shall return that the rest are not to be found, the plaintiff may proceed to judgment and execution against the defendants who are served, in the same manner as if they were the sole defendants.
3. Where suit is brought against two joint obligors on a promissory note, both within the jurisdiction of the court, and no return of non est inventus as to either is made by the officer serving the writ, and it does not otherwise appear that either of the joint contractors is without the jurisdiction of the court, or is dead, but on the contrary it appears that both joint contractors are within the jurisdiction of the court, and one only has been served with process, and judgment is had against him, and later the other is sued on the same joint contract, the judgment against the first merges the entire cause of action, and bars a recovery in the subsequent suit on the same contract against the other joint obligor.

MAY 14, 1913.

Complaint. Before Judge Bell. Fulton superior court. June 26, 1912.

*Horton Brothers & Burress,* for plaintiff.

*J. F. Golightly* and *J. Howell Green,* for defendant.

HILL, J. Almand brought suit against Redwine and Hathcock on a certain promissory note, returnable to the May term, 1910,

of the superior court of Fulton county. This case was dismissed 'for want of prosecution, and was reinstated by consent of counsel. Hathcock denied the authority of his attorney to reinstate the case as to him, and the court held that it was not reinstated as to Hathcock. Plaintiff then took judgment against Redwine. Thereafter Almand brought suit on the same note against Hathcock. The note was a joint, and not a joint and several note. On the trial the plaintiff introduced the note and the agreement to reinstate the case of Almand against Redwine and Hathcock. The defendant Hathcock introduced the declaration in the case of Almand v. Redwine and Hatchcock. The court, after hearing the evidence of Hathcock sustaining his plea, directed a verdict for the defendant, ruling that the note had merged into the first judgment and that no cause of action existed in the present suit as to Hathcock. To this ruling the plaintiff excepted.

The one question to be determined is, whether the plaintiff, who had sued and recovered on a joint, and not a joint and several note, against Redwine alone, while Hathcock, the other joint obligor, was within the jurisdiction of the court, could subsequently sue Hathcock and recover on the same note. The answer to the question depends on whether the former recovery against one of the joint contractors merges the entire cause of action and bars any subsequent suit on the same note against the other joint debtor. At common law, where a joint contract is the subject of an action, a recovery against one of the joint obligors merges the entire cause of action, and bars any subsequent suit on the same obligation against any of the other debtors, or against all jointly. 23 Cyc. 1208; *Howell* v. *Shands*, 35 *Ga.* 72; 2 Black on Judg. (2d ed.) § 770. And see Robinson v. Snyder, 97 Ind. 56, holding that the burden of proof is on the one who claims to be released by the former judgment. In the case of Lauer v. Bandow, 48 Wis. 638 (4 N. W. 774), it is said: "It is perfectly well settled that if the holder of a joint debt or obligation sues one of the joint debtors and obtains judgment thereon against him, and then sues another of the joint debtors for the same debt or obligation, the latter may plead such judgment against the codebtor and bar the action. This is so because the joint debt is merged in the judgment against the debtor first sued, and, being indivisible, it can not be merged or cancelled as to one and existing and operative as to another joint debtor."

And in the case of Kennard *v.* Carter, 64 Ind. 31, it was said: "A separate judgment taken against one of several joint makers of a note, in a suit to which the others are not parties, or in which steps are not taken to preserve the right to a .subsequent judgment against such others, may be pleaded as a bar to a subsequent suit against those not included in the first suit or judgment." The leading English case on this subject is that of King *v.* Hoare, 13 Meeson & Welsby, 494. In that case, Parke, B., said: "The cause of action is changed into matter of record, which is of higher nature, and the inferior remedy merged in the higher. This appears to be equally true where there is but one cause of action, whether it be against a single person or many. The judgment of a court of record changes the nature of that cause of action and prevents its being the subject of another suit, and the cause of action, being single, can not afterwards be divided into two. . . The distinction between the case of joint and several contract is very clear. It is argued that each party to a joint contract is severally liable, and so he is in one sense, that if sued severally, and does not plead in abatement, he is liable to pay the entire debt; but he is not severally liable in the same sense as he is on a joint and several bond, which instrument, though on one piece of parchment or paper, in effect comprises the joint bond of all, and the several bonds of each of the obligors, and gives different remedies to the obligee." In other jurisdictions one State only (South Carolina) seems to adhere to the opinion that a former judgment against one of the joint obligors to a contract or obligation does not merge the cause of action against the other obligor: 2 Black on Judg. (2d ed.) § 770. The last-named authority says: "But this stands as an exception to the universal consensus of opinion in England and America, and the rule is now established, by nothing less than a multitude of authorities, that where the contract or obligation sued on is joint, a recovery against one of the joint contractors merges the entire cause of action and bars any subsequent judgment on the same cause of action against the other debtors or any of them." Id. § 770.

But it is insisted by the plaintiff in error that the note sued on in the present case did not merge into the first judgment; and he cites the cases of *Merritt* v. *Bagwell,* 70 *Ga.* 578, and *Ells* v. *Bone,* 71 *Ga.* 466, as controlling. In the first-named case nothing con-

tained therein militates against the general rule. It was there decided: "If one of two defendants to a suit . . against them as makers tacitly permits judgment by default to be rendered against his codefendant, when the note is afterwards offered in evidence against him, he can not object to it on the ground that judgment had previously been rendered against his codefendant. He had consented, by his silence, to a severance." This language is sufficient to distinguish it from the present case. In delivering the opinion in the case of *Ells* v. *Bone,* supra, Mr. Justice Hall said, that, "While agreeing with the learned counsel for plaintiff in error, that at common law the weight of authority would merge this liability in the first judgment, . . yet we think, under our legislation, no such effect could be given to the first judgment." He then cites the act of 1820 (Cobb's Dig. 485) and sections 3350 and 3351 of the Code of 1882 (Civil Code of 1910, §§ 5591, 5592), which provide that where two or more joint contractors, or joint and several contractors, or copartners, are sued in the same action, and service shall be perfected upon one or more of the joint contractors or copartners, and the officer serving the writ shall return that the rest are not to be found, the plaintiff may proceed to judgment and execution against such as were served, in the same manner as if they were the sole or only defendants. In that case the plaintiff was the owner of a draft due, drawn by Ells & Laney upon W. A. Cheney. The plaintiff brought suit upon this paper. Cheney and Laney were alone served. Ells was absent from the State, and was not served. There was no return of service whatever as to Ells, but in the agreed statement of facts it appeared that he was a non-resident of the State at the date of the suit and judgment. Judgment was rendered by the court against Cheney, as acceptor, and Laney, as drawer, for principal, interest, and costs. Ells later returned to Georgia, and the plaintiff brought suit against him on the draft. The question was whether in that case Ells's liability on the draft existed after the judgment against Cheney and Laney, or whether it was merged in the first judgment. It was held that Ells was liable, and that under the express terms of the statute Ells was no party to the judgment against his copartner, Laney, and the acceptor, Cheney. The instant case differs from that of *Ells* v. *Bone.* There Ells was not a party to the first suit. He was absent from the State. In the agreed statement of facts,

it was admitted that Ells was without the State, which admission was equivalent to a return of non est inventus provided for by the statute. In the *Ells* case the court placed its decision upon the statute and upon the case of *Printup* v. *Turner,* and *Turner* v. *Printup,* 65 *Ga.* 71 and 78, in which it was held, that "When a suit is brought against copartners, or the survivors of a partnership, it is not necessary to declare against or pray process as to all the members thereof, and have a return of non est inventus as to those not served, in order to bind their interest in the partnership effects; in either case, the judgment binds the partners sued and served, as to their individual property and all the property of the partnership." As is evident from the ruling just quoted, the decision was one in which the relationship of partners was involved. A partnership debt is not one solely of joint liability. The Civil Code, § 3156, declares that in the case of partners, as to third persons all are liable, not only to the extent of their interest in the partnership property, but also to the extent of their separate property. Furthermore, in cases of partnership service of one partner, with return of non est inventus as to the others, authorizes a judgment against the firm binding all the firm assets. Civil Code, § 3167. As to the *Ells* case, supra, not only was it one involving the relation of partnership, but also, as previously stated, one in which it appears that the defendant against whom the second suit was brought was, when the former action was commenced, a non-resident of the State. As hereinbefore pointed out, this placed the case on the same footing as though the defendant had been shown, by a return of non est inventus, to be beyond the reach of process. While the decision seems to be planted mainly upon the statute, it must be assumed that in rendering the decision Justice Hall had in mind the fact of non-residence appearing in the agreed statement of facts. It will be noticed that this case is in line with the great weight of authority, which holds, independently of statutory enactment, that the fact of non-residence, making it impossible to acquire jurisdiction over one or more joint obligors, is ex necessitate rei cause for a relaxation of the general rule; and accordingly in such cases it is held that the bringing of suit against the joint obligors subject to the jurisdiction does not operate to merge, as to non-residents, the cause of action. See 2 Black on Judg. § 771. On its facts, the decision in the *Ells* case is in line with these au-

thorities.   We know of no case decided by this court in which there was no relation other than that of a mere joint liability, in which it has been held that after judgment against one joint obligor, the same cause of action can afterwards be prosecuted to judgment in a second suit against the other, both being all the while within the jurisdiction of the court.   Whatever may be said as to the correctness of the ruling in the *Printup* case, supra, we are not inclined to extend it further.   To hold, independently of the statute, that in the absence of a return of non est inventus, or other showing that the joint obligor not sued in the first action was not at the time of its commencement within the jurisdiction of the court, the plaintiff might nevertheless elect to proceed severally against the obligors on a strictly joint promise, would be running counter to the common-law rule as adhered to by practically all the courts.   To construe section 5591 of the Civil Code as changing the common-law rule to this extent would be an unwarranted enlargement of its terms.   It may well be conceived that the very object of the legislature in requiring a return of non est inventus to be made was to restrict actions of this character, against less than all the joint obligors, to cases where it was shown that when the action was commenced jurisdiction could not attach to one or more of the defendants, and to leave otherwise unchanged the common-law rule.   In the present case, it affirmatively appearing that Hathcock was within reach of process all the while the first suit was in progress, we hold that the cause of action sued on was merged in the judgment rendered against Redwine alone in that suit.                    *Judgment affirmed.   All the Justices concur.*