20 415|
107 821|

No. 74.—CHARLES CAMPBELL & Co. plaintiffs in error, *vs.*. ELIZA A. BROWN, adm'x, &c. defendants.

[1.] If two of three defendants have paid their proportion of a joint debt, and the plaintiff, upon sufficient consideration, release the third from his *pro rata* share, it discharges the other two.

HARVARD
LAW SCHOOL
LIBRARY

Illegality, in Bibb. Tried before Judge POWERS, May Term, 1855.

Jesse Dunn obtained a judgment for $3.447 50 against Theodore A. Goodwin, Thomas A. Brown and Judge W. Harris, in the Inferior Court of said county.

Subsequently, the said judgment and the *fi. fa.* founded thereon, were transferred by said Dunn to L. N. Whittle, and by him to Charles Campbell & Co.

The assignees having caused the said *fi. fa.* to be levied on certain real estate of Thomas A. Brown, one of the defendants, he thereupon made affidavit that said execution was proceeding illegally against his property, on the ground that said judgment and *fi. fa.* issued against all three of the defendants jointly; that said defendants were all jointly interested in the note, which was the foundation of the action upon which said judgment had been obtained; that said Brown had paid, in cash, $2.583 in part payment and discharge of said judgment; since which time Charles Campbell & Co. had advanced the balance of the money due thereon, and had released and discharged T. A. Goodwin, the said co-defend-

ant, from all liability thereon, without the knowledge or consent of his co-defendants, and that such release to him operated as a release to the others.

Issue was joined on this affidavit of illegality, and the cause came to the Superior Court by appeal.

Upon the trial the defendants introduced L. N. Whittle, the Attorney at Law who sued out the judgment, who testified, that after he had obtained judgment for Jesse Dunn, he wrote to Thomas A. Brown, then residing in Savannah, that he must arrange to settle the debt; that shortly after, Brown came up and proposed to pay two-thirds of the amount, if witness would agree to go on Goodwin for the balance, and release him and Harris, remarking that each defendant had agreed to pay one-third; that this was refused, Goodwin being in embarrassed circumstances; the note was joint and several. Brown finally agreed to pay, and did pay, two-thirds of the debt, witness agreeing to go on Goodwin for the other third, but with the understanding with Brown, that if a claim was made or other opposition, to any levy witness might make on Goodwin's property, witness would not proceed further as to Goodwin, but go on Brown for the balance. Witness was about levying on Goodwin's land in Bibb County, when he told witness that if witness would transfer the *fi. fa.* to Charles Campbell & Co. they would take up the *fi. fa.* Witness called on them, and after making the transfer, received from them the balance due on said judgment.

John S. Montmollin, under commission, testified, that he had a conversation with Charles Campbell, in the City of Macon, on or about the last day of June, 1853, in relation to the above mentioned *fi. fa.* Witness then learned from said Campbell that said *fi. fa.* had been levied upon the house and lot of Thomas A. Brown. Campbell and his co-partner expressly told witness that they were the sole owners of said *fi. fa.*; and also, all the executions against said Goodwin; that Campbell refused to sell to witness said *fi. fa.* alleging that he had privately stipulated with Goodwin, when he took up said *fi. fa.* that he never would call on him, Goodwin, for it,

but that it should be collected out of any property Thomas. A. Brown might have, as Brown was indebted to Goodwin, and in that manner a settlement could be secured with Brown; that he also told witness that Campbell &· Co. had sold a. place formerly belonging to Goodwin, in the vicinity of Ma- con; that they had made titles and were to receive the pro- ceeds of said sale—the balance of which proceeds, after pay- ing the existing judgment against Goodwin, would come into their hands, but would not be sufficient to pay them their account, unless the *fi. fa.* was made out of Brown's property. Said Campbell said he would not sell said *fi. fa.* to witness, unless he would agree to discharge Goodwin from all liability thereon; that said Campbell did repeatedly say that said *fi. fa.* had been purchased for the purpose of making good titles. to the plantation sold by Goodwin, and to protect the proper- ty of the said Goodwin; as also of collecting an account due said Campbell & Co.; and hence, would not release Brown's property.

The Court charged the Jury, and a verdict was rendered. in favor of the defendants.

Counsel for plaintiffs in *fi. fa.* then moved a rule for a new trial, on the following grounds:

1st. Because the Court erred in charging the Jury that parol evidence was competent to prove a release and dis- charge of Goodwin, one of said defendants in *fi. fa.*

2d. Because the Court erred in charging the Jury that a. release by Campbell, by parol, of Goodwin, was sufficient to discharge the other defendants; if they believed it was upon a good consideration, and they acted upon it in the above execution, and that a consideration for a release could be proven by parol.

3d. The Court erred in ruling that the evidence of Mont- mollin was competent testimony to go to the Jury to prove a release and consideration therefor.

4th. The Court erred in charging the Jury, that if they believe Campbell did agree with Goodwin by parol, when he

took up the *fi. fa.* upon sufficient consideration, that he never would call on Goodwin, and discharged Goodwin's property from the lien thereof, for the money due on the *fi. fa.* and that said agreement was actually executed, that they must find for defendant.

5th. Because the Jury found contrary to law.

6th. Because the Jury found contrary to evidence..

7th. Because the Court erred in ruling that it did not affect.this suit, whether the note upon which this *fi. fa.* was founded, was a joint note or a joint and several, and in refusing to allow Counsel for plaintiff to show that the note was joint and several.

Which motion the Court over-ruled, and Counsel for plaintiffs excepted.

POE & GRIER, for plaintiffs in error.

J. RUTHERFORD; STUBBS & HILL, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] There was some confusion in the charge of the Court in submitting the law of this case to the Jury, resulting, perhaps, from the indistinctness of the proof. While a mere agreement, on the part of Campbell & Co. not to collect the residue of their debt out of Goodwin, would not be binding for want of consideration; and while the consent of Goodwin, that the overplus of the fund in the hands of Campbell & Co. might be applied to the open account debt of theirs against him, would not be a sufficient consideration, inasmuch as Goodwin was bound to pay all his debts—and this book account among the rest. Yet, if it was stipulated between Campbell & Co. and Goodwin that they might sell his land, and putting his property in their hands for this purpose, and they to apply the proceeds—and they, in consideration thereof, undertook and bound themselves not to enforce the payment of the balance of the execution out of him, it would, in

the opinion of this Court, constitute a valid agreement which might be enforced, and which, if executed, would amount to a release of Goodwin, one of the co-defendants; and consequently, discharge Brown and Harris the other two.

But the proof as to this agreement, is too vague and indefinite. It is to be gathered, if at all, from inference only.

We see no objection to the competency of the witness, Montmollin.