LAMPKIN *et al. v.* FIRST NATIONAL BANK OF CARTERSVILLE.

1. Where a mortgage in favor of an absent person was executed and delivered to an attorney at law, who had at the time no authority to act as agent of the absentee in accepting a delivery of the mortgage, the latter not even then knowing of any intention on the part of the mortgagor to execute the mortgage, if such absentee afterwards accepted the mortgage, he thereby ratified the act of the attorney in receiving it, and in so doing became chargeable with notice of all such matters as appeared to be within the knowledge of the attorney at the time of the transaction.
2. Where several mortgages are executed simultaneously, or as nearly so in point of time as is physically possible, each mortgagee knowing, at the time, of the execution and delivery of the mortgages to others, the mere fact that one of these mortgages was actually filed for record before another, did not give the former any priority of lien over the latter.

July 29, 1895.

Equitable petition. Before Judge MILNER. Bartow superior court. July term, 1894.

Garwood, a merchant, being about to fail in business, employed an attorney to draw mortgages on his stock of goods in favor of Lampkin, Mrs. Vandivere, and the First National Bank of Cartersville. These mortgages were drawn one immediately after another, or as nearly as possible at the same time. The bank's mortgage was taken by some of its officers who were present at the time the three mortgages were drawn and executed. Lampkin and Mrs. Vandivere were not present, and knew nothing of the mortgages until afterwards. The mortgages in their favor were retained by said attorney who, acting for these two mortgagees, proceeded on the same day to have their mortgages recorded, and afterwards forwarded the same to them. The bank's mortgage was filed for record about ten minutes after the filing of the other two. According to the attorney's testimony, it was understood that these three mortgages should be of equal dignity, without any intention to

prefer one of them over another. The mortgages to Lampkin and Mrs. Vandivere were. accepted by them, and they did nothing by way of repudiating anything that had been done for them by the attorney. According to Garwood's testimony, he intended to prefer Lampkin and Mrs. Vandivere as creditors, and so expressed himself to the attorney. Under a petition of sundry creditors, a receiver was appointed for the assets of Garwood, and sold the same. The three mortgagees mentioned intervened and contended for the fund arising from the sale. The case was heard by the judge without a jury; and he ordered the fund to be distributed. *pro rata* as to these three mortgages, putting them on the same basis. To this ruling Lampkin and Mrs. Vandivere excepted.

CALHOUN & MAULDIN, for plaintiffs in error.
NEEL & SWAIN and J. H. WIKLE, *contra.*

LUMPKIN, Justice.

1. The rule as to notice announced in the first headnote is not only based on sound common sense, but is amply sustained by the authorities, one of which strikingly in point is Wade on Notice, §691. One who by ratification makes the act of another his own, necessarily (to use a homely expression) places himself in the latter's shoes so far as the act in question is concerned; and therefore, in legal contemplation, sees, hears and ascertains what his agent by adoption found out and knew.

2. It appears from the record, that all the mortgages contesting for the fund in court were executed on the same day and, as nearly as possible, simultaneously; that each mortgagee, either personally or through his agent, knew at the time of taking his mortgage of the execution and delivery of the mortgages to the others; and that all the mortgages were filed for record on the

same day.  It is therefore immaterial that one or more of them may, in point of time, have reached the hands of the recording clerk a few minutes in advance of another of them.  They all rank equally in dignity, and the registry act of 1889 (Acts of 1889, p. 106) is not, by its terms, applicable.          *Judgment affirmed.*