### FOWLER *v.* COKER *et al.*

An agreement to release one of two makers of a joint promissory note from liability thereon is not binding unless such agreement is supported by a consideration. The agreement of release which was set up in the present

case is shown by the evidence to have been entirely without considera-
tion.   Consequently a verdict in favor of the defendant was contrary to
law.

Submitted May 10, — Decided June 9, 1899.

Complaint.   Before Judge Hart.   Baldwin superior court.
January 11, 1899.

*Howard & Crawford,* for plaintiff.
*Allen & Moore,* for defendant.

LITTLE, J.   Fowler instituted an action to recover a judgment
on a promissory note executed by J. T. Coker and J. B. Bynum
for the principal sum of $138.75.   The defendant Coker an-
swered, denied indebtedness, and averred that after the execu-
tion of the note the plaintiff, for a good and lawful considera-
tion, released him from all liability thereon.   The plaintiff, by
way of amendment, alleged that the release pleaded by Coker
was wholly without consideration, and further that it was ob-
tained by Coker by fraud.   The defendant Coker amended
his answer and set up, that in the year 1894 this defendant and
Bynum were partners engaged in business; that they purchased
the stock of goods and business from the plaintiff and one
Boykin, giving to each of said parties their joint note for
$138.75, and secured the payment of said notes by a mortgage;
that after the execution of the notes and mortgage the defend-
ant and Bynum dissolved copartnership, and defendant went
to Fowler and asked to be relieved from the note and mortgage
which the plaintiff held against him; that the plaintiff agreed
to and did relieve him from said obligation; that at that time
Evans' held the note as collateral security, and that the plain-
tiff in writing authorized Evans to strike the name of this de-
fendant from the note and mortgage, if he, Evans, was willing
to do so.   In pursuance of this direction, on presentation of
the order to Evans, the name of the defendant was stricken
from the note and mortgage.   At the trial plaintiff introduced
the note sued on, from which it appeared that the name of
Coker signed to the note had a line run through it by the use
of a pen.   Defendant Coker testified to the facts set up by his
amended answer.   Bynum testified as to the dissolution of the
firm and his assumption of the debts, and the subsequent

sale to the defendant Coker. Plaintiff testified, in rebuttal, that in 1894 defendant came to him and asked to be released from the note, stating that he and Bynum had dissolved, that Bynum had bought him out and assumed payment of the debts of the firm, that Bynum would keep the stock in store and plaintiff would get his money out of Bynum. Defendant stated that it was his purpose to get rid of the business and go off. The note was then on deposit with Evans as collateral. Witness then wrote Evans a note saying that if Evans was willing to release Coker, he, the plaintiff, was; on delivery of this note to Evans, Evans ran a pen through the name of defendant on the note. At this time plaintiff told Coker that all he wanted was his money; no new security or new note or other papers of any kind were given to the plaintiff for this release. Subsequently, it was agreed between plaintiff and the two defendants that the goods were to remain in the store. A short time afterwards, plaintiff saw Coker's wagon in the rear of the store, and was informed that Coker had bought out Bynum and was moving to his home in Putnam county. The jury returned a verdict in favor of the plaintiff against Bynum, and released the defendant Coker. A motion for a new trial was made, on the ground that the verdict was contrary to law and without evidence to support it. On the hearing the motion for new trial was overruled, and the plaintiff excepted.

To the plea of the defendant Coker, that the plaintiff had released him from all liability, the plaintiff contended that his agreement to release Coker was obtained by fraud, and that such agreement of release was entirely without consideration. As to the first of these contentions, that the release was obtained by fraud, we may consider that as settled adversely to the plaintiff by the verdict of the jury. It does not appear from the evidence in the case that any consideration whatever moved the plaintiff to agree to the release of the defendant Coker from further liability. On the contrary, it affirmatively appears that there was no consideration for such agreement. Coker and Bynum had been partners; the former had sold out to the latter, who assumed the indebtedness of the firm. Coker then approached the plaintiff who held the note against Bynum,

and himself, stated the facts as to the dissolution of the partner-
ship and the assumption by Bynum of the debts of the firm,
and asked the plaintiff to release him.   Plaintiff expressed his
willingness to do so in writing, and sent the same to Evans,
the holder of the note.   These are the circumstances under
which Coker claims to be relieved from liability.   A release is
defined by Bouvier to be "the giving up or abandoning a
claim or right to the person against whom the claim exists or
the right is to be exercised or enforced."   A release is but a con-
tract, and is governed by the same rules which apply to other
contracts; and it is essential to the validity of a release that
there be a consideration.   In the present case there was no
agreement in writing to release the defendant, except the note
written by plaintiff to Evans, who then held it as collateral
security, that the plaintiff was willing to release Coker if
Evans, the holder, was.   So that, giving the fullest effect to
this writing, it was but an expression on the part of plain-
tiff of his willingness to release the defendant.   If, however,
we treat this writing as a contract made by the plaintiff with
the defendant to release the latter from liability on the prom-
issory note, we will find that for the want of consideration it
can not be held to be binding upon the plaintiff.   In his Hand-
book of the Law of Contracts, Mr. Clark says: "A contract
may always be discharged by an agreement between the par-
ties to it, that it shall no longer be binding upon them; but
this agreement is subject to the rule which governs all other
simple contracts,—that there must be a consideration.   In the
absence of a consideration, a promise to forego the right to de-
mand performance of a contract would be nudum pactum and
void."   In the case of Eagle Manufacturing Co. *v.* Jennings,
44 Am. Rep. 668, it was ruled by the Supreme Court of Kan-
sas, that, "Where a partnership is dissolved, one partner tak-
ing all the property and assuming all the debts, all the part-
ners are still liable on an acceptance previously given for goods,
although the vendor may have promised to release the retiring
partners and look to the other alone, there being no new con-
sideration for such promise."   To the same effect, see also
the case of Maness *v.* Henry, 96 Ala. 454.   The rulings of our

own court are to the same effect. In the case of *Bruton* v. *Wooten*, 15 *Ga.* 570, it was ruled that a plea which set forth a release was not good, because it did not show that the release was founded on a sufficient consideration. See also *Campbell* v. *Brown*, 20 *Ga.* 415; *Molyneaux* v. *Collier*, 30 *Ga.* 731. Giving, therefore, full effect to the testimony of the defendant, it fails to establish his plea of release, because of a want of consideration for the agreement made by the plaintiff to release him from further liability on the note. This being so, it follows that the verdict of the jury releasing Coker is contrary to law, and a new trial should have been granted.

*Judgment reversed.    All the Justices concurring.*