### BRONX METAL BED CO. v. WALLERSTEIN et al.

(Supreme Court, Appellate Term. November 12, 1903.)

1. PARTNERSHIP—DISSOLUTION—LIABILITY FOR DEBTS—RELEASE BY CREDITOR—CONSIDERATION.

Where a partnership is dissolved by an agreement to which a creditor is not a party, both partners remain liable for the firm debt, unless the creditor, by a valid agreement founded on a new consideration, releases one of them.

2. SAME—EVIDENCE OF RELEASE—SUFFICIENCY.

Evidence of a statement made by a creditor's manager to a retiring partner, when told that he was out of the firm, that it was "all right," and he "was satisfied," did not show an agreement by the creditor to release from liability such retiring partner, especially when considered with contradictory testimony by three witnesses, the inherent improbability of such a release, and the absence of evidence that the creditor's manager had any authority to bind the creditor to the release.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Bronx Metal Bed Company against Samuel Wallerstein and one Warshansky. From a judgment for defendant Warshansky, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

¶ 1. See Partnership, vol. 38, Cent. Dig. § 636.

Keppler & Walzer, for appellant.
Leopold W. Harburger, for respondents.

FREEDMAN, P. J.   The plaintiff sold and delivered goods to the defendants, who were copartners.   Subsequently such copartnership was dissolved by mutual agreement, and the defendant Wallerstein, for a good consideration as between himself and his copartner, agreed to pay the firm debts.   The question in the case was whether the plaintiff had released the defendant Warshansky, the retiring partner. The trial court decided that question in favor of Warshansky, gave a judgment in his favor against the plaintiff for costs, and in favor of the plaintiff against the defendant Wallerstein for the amount of plaintiff's claim.

I do not think either the evidence or the law authorized such a disposition of the case.   Warshansky testified that he and his partner had a conversation with plaintiff's manager, and this is his version of it:

"I came with Mr. Wallerstein and told you I am out of the partnership, and he was to pay you, and you said you were satisfied.   Q. I told you I was satisfied?   A. Yes, sir."

Wallerstein's account of the conversation was as follows:

"When we came into Greenspan [plaintiff's manager] we told him that we dissolved partnership, and all the bills that is due me now—the money we owed him—I have to pay, because I remain in the business and he is going out.   Greenspan says, 'You are remaining in the business and he is going out?'   I says, 'Yes,' and he says, 'All right.'   He says, 'I will see Warshansky, and in case he don't pay I will hold you responsible.'   That is what he said."

It was said in Backus v. Fobes, 20 N. Y. 204, 207:

"If one of the debtors agree to surrender and does surrender to the other his interest in the property and firms which they own together, an agreement of the creditor to discharge him and look to the other is well founded on that consideration."

In that case the plaintiff had signed an agreement that, upon a determination being made by arbitrators adjudging which partner should pay the plaintiff's debt, he would discharge the other.   That case is materially different from the case at bar.   In the Backus v. Fobes Case the consideration for the promise made by the creditor to the debtors to release one was that one of the debtors should transfer his interest in funds and property owned by him to the other debtor.   In the case at bar the partners voluntarily dissolved their partnership; the creditor herein was in no way a party thereto; and, unless it was shown that the plaintiff had by some valid agreement released one of the partners, they were both liable, and that agreement must be founded upon a new consideration.   "A promise to release a retiring partner from further liability, and to look to the other partner alone for further payment, must, in order to be binding, be founded upon some new consideration, and where it is made after the dissolution, and not as an inducement to or a consideration for it, and no new partner is introduced into the firm or assumes liability for the debt, and no different or additional security therefore is given, and no change is made in the terms, form, or time

of the debt, and no other facts appear than the dissolution and the agreement between the parties, the promise is a mere nudum pactum, and an action can be maintained against the retiring partner." 22 Am. & Eng. Enc. of Law (2d Ed.) 183, citing Eagle Mfg. Co. v. Jennings, 44 Am. Rep. 668; Fagg v. Hambel, 89 Am. Dec. 561; Fowler v. Coker, 107 Ga. 817, 33 S. E. 661; Clark v. Brooks, 19 Wkly. Notes Cas. 333.

The testimony above recited shows no agreement on the part of plaintiff's manager to release Warshansky. The statement alleged to have been made by plaintiff's manager, when told of the dissolution of the partnership, was merely, "All right," "I am satisfied." This is far from an agreement to release from liability either one of the retiring partners. Moreover, even the making of that statement is contradicted by the manager, his bookkeeper, and one other witness, which testimony, together with the inherent improbability of any business man releasing partners from liability and relying upon the responsibility of one, upon mere statement that such partnership had been dissolved, should have prevailed with the court below.

In addition to the foregoing, it may also be said that there is not the slightest evidence that warrants the assumption that the plaintiff's manager, who was also the treasurer of the plaintiff, had any authority to bind the plaintiff by any agreement to release one of the joint debtors, assuming that such an agreement was made.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.