ISAAC GOLDMAN CO. v. WILKES et al.

(Supreme Court, Appellate Term. May 19, 1904.)

1. PARTNERSHIP—LIABILITY OF PARTNERS—RELEASE—WHAT CONSTITUTES.

A conversation between a member of a partnership and a firm creditor relative to the release of the partner from all responsibility, as to which the creditor said "All right," did not constitute a legal agreement to release such partner from liability.

Appeal from Municipal Court.

Action by the Isaac Goldman Company against Robert R. Wilkes and James P. O'Brien. From a judgment in favor of plaintiff against defendant O'Brien, and dismissing the complaint in favor of defendant Wilkes, plaintiff appeals. Reversed as to defendant Wilkes.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Edwin Louis Garvin, for appellant.
Michael H. Harris, for respondents.

FREEDMAN, P. J. The plaintiff in this case is engaged in the business of printing, and the defendants were engaged as co-partners under the firm name of the "Reporters' Association of America," and

their chief business was editing a daily pamphlet called the "Bookmaker and Bettor." To recover for their work and labor in the printing of this paper for 15 days under an agreed price, this action was brought. The defendant O'Brien defaulted upon the trial, and the defendant Wilkes appeared, and filed a written answer. His defense was that on April 23, 1903, the copartnership theretofore existing between himself and his codefendant, O'Brien was dissolved; that he notified all the creditors of said copartnership of such dissolution; that such information was given to the secretary of the plaintiff, "who expressed himself as being satisfied with said information, and who said that he would thereafter make no further claim for work, labor, and services performed by the plaintiff herein against the said Robert R. Wilkes, and that he would hold said defendant James P. O'Brien responsible for all services performed by the plaintiff in behalf of the said copartnership business." The liability of the copartners for the work done was incurred prior to April 23, 1903, the time when Wilkes claimed the company was dissolved and the notification thereof given the plaintiff. The only testimony in the case tending to support the testimony of Wilkes that he had been relieved from liability was this, which occurred in a conversation between Wilkes and Goldman, plaintiff's secretary: "Q. Was there any conversation about your being relieved from all responsibility? A. Yes, sir. Q. What did he say? A. He said, 'All right.'" This did not constitute a legal agreement to release Wilkes from liability. Bronx Metal Bed Co. v. Wallerstein (Sup.) 84 N. Y. Supp. 924.

Judgment as to Wilkes reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.