## 8417.  JOHNSON *v.* GEORGIA FERTILIZER & OIL CO.

1. In order that one who has signed a promissory note apparently as principal may, prior to judgment, prove that he was merely a surety, the plea setting up that fact and praying that the judgment be molded accordingly must also show that previous notice had been given the principal of the surety's intention to make such proof.  Civil Code (1910), § 3556; *Carlton* v. *White*, 99 *Ga.* 384 (27 S. E. 704).

2. A promissory note reciting, "I promise to pay," and signed by two or more persons, is a joint and several obligation, irrespective of whether one or more of the signers may in fact be sureties.  *Booth* v. *Huff*, 116 *Ga.* 8 (42 S. E. 381, 94 Am. St. R. 98).

3. The holder of a joint and several note may sue the obligors jointly or severally, or sue any one of the signers alone.  On such an obligation he may sue the principal and the surety jointly, or at his option he may sue either the principal or the surety alone.  Civil Code (1910), §§ 3553, 3559; *Reid* v. *Flippen*, 47 *Ga.* 273, 275; *McMillan* v. *Heard National Bank*, 19 *Ga. App.* 148, 151 (91 S. E. 235).  A judgment against one of two joint and several obligors which has never been satisfied is no bar to a suit against the other (*Booth* v. *Huff*, supra); and in a suit against both of the signers, on a joint and several promise to pay, a judgment by default against one does not terminate the suit against the other, where the latter, by his silence, consented to a severance.  *Merritt* v. *Bagwell*, 70 *Ga.* 578.

4. In a suit against two signers of a promissory note, where one of the defendants makes no defense, and judgment as to him is taken by default, a plea by that defendant setting up a discharge in bankruptcy, filed at a subsequent term of the court during the pendency of the litigation as to the other defendant, is a mere nullity, and the direction of a verdict against such other defendant does not affect the liability of the former under the original judgment obtained against him, nor does it affect any rights which he may in fact have under such a subsequent discharge.

5. The discretion which belonged to the court in determining whether or not the plaintiff in this case should be required to file pleading in the nature of a replication, in order to meet the averments made by defendant's amended plea (Park's Ann. Code, § 5633), will not be disturbed.

6. The court erred in sustaining plaintiff's demurrer to the amended plea.

DECIDED JANUARY 21, 1918.

Complaint; from city court of Thomasville—Judge W. H. Hammond.  December 22, 1916.

The Georgia Fertilizer & Oil Company filed suit to the June term, 1915, of the city court of Thomasville against J. N. Butler and L. D. Johnson on a promissory note reciting "I promise to pay," signed by each of the defendants apparently as principals. At the appearance term no defense of any sort was made by Butler, and judgment by default was entered as to him.  At that

term Johnson, the codefendant, made answer denying the statutory notice alleged to have been given in regard to the attorney's fees claimed, and setting up that he was in fact only a surety on the note. He prayed that whatever judgment might be rendered in the case should be entered against Butler as principal and himself as surety. Johnson did not show by his plea, however, that notice had been given the alleged principal of his intention to make such proof. Johnson at the same time filed a demurrer setting out a defect in the plaintiff's petition. The court sustained this demurrer, and upon the suit being dismissed as to Johnson, the plaintiff excepted. The judgment sustaining Johnson's demurrer was affirmed by this court, subject, however, to the right of plaintiff to cure the defect by amendment. See *Georgia Fertilizer & Oil Co.* v. *Johnson*, 18 *Ga. App.* 281 (89 S. E. 344). The petition was accordingly amended, and Johnson's original plea was then amended by setting up two grounds of defense, to wit: (*a*) that the judgment by default against Butler terminated the action against him; (*b*) that when the plaintiff sued out the writ of error to review the judgment of dismissal as to Johnson, Butler was not made a party defendant thereto, and that when a motion was made in this court to dismiss the writ of error on that ground, the plaintiff's counsel, with authority of the plaintiff, obtained Butler's consent to be made a party defendant to the writ of error, under an agreement that Butler should be released from all liability on the note sued on. The amended plea set out that the further prosecution in the city court of the suit against Johnson amounted to a ratification by the plaintiff of the release thus made by its counsel; that such release of Butler increased the risk and liability of the defendant Johnson, and, being made without his knowledge or consent, entitled him to a full discharge from the note sued on, irrespective of whether his relation to the note was that of surety, according to the actual facts, or whether he be considered as a coprincipal. Johnson presented also at this time a motion asking the court to require the plaintiff to file a replication answering the new matter set up by the amended plea. Also at this time the defendant Butler, against whom judgment by default had been rendered at the appearance term, filed an answer setting up that by order dated October 28, 1916, he had been discharged in bankruptcy from the obligation sued on, and praying that he

be discharged from said suit. To the amended plea of Johnson the plaintiff demurred generally and specially. The court sustained this demurrer, overruled the motion to require replication on the part of the plaintiff, and, after having stricken Johnson's plea as amended, proceeded, on motion of the plaintiff, to direct a verdict against Johnson for the amount of principal and interest due on the note. No account was taken of the plea of discharge filed by Butler.

*Clifford E. Hay,* for plaintiff in error.

*Titus, Dekle & Hopkins,* contra.

JENKINS, J. (After stating the foregoing facts.)

It is only the ruling stated in the 6th headnote that seems to require elaboration. While counsel for plaintiff in the court below deny in their brief the allegations made by Johnson's amended plea relative to the agreement alleged to have been entered into by them, they do not, of course, question the fact that the court below and this court, so far as the purposes of the demurrer are concerned, are bound to take as true each and every allegation therein set forth. Plaintiff's counsel insist that since the note sued on contains within itself no reference to any suretyship on the part of Johnson, and since neither the original plea nor the amendment shows that Johnson had given notice to Butler that he would seek to have the judgment framed so as to show that he, Johnson, was a surety only, and that since Butler is not in any way made a party to the defense set up by the amended answer claiming Johnson's discharge by reason of the agreement releasing Butler, the court below was obliged to sustain its demurrer to the amended plea. We think, however, that the defense set up in the amendment to Johnson's plea does not depend for its validity upon his relationship of surety on the note sued on, but that even if no such claim were made, and it could be shown that the plaintiff executed a valid release to Butler, Johnson, even though he were a joint principal, would thereby become discharged. See *Campbell* v. *Brown,* 20 *Ga.* 415; *Powell* v. *Davis,* 60 *Ga.* 70. Plaintiff also contends that inasmuch as the release set forth in the amended plea appears not to have been in writing, it was unenforceable as between the parties thereto, and consequently can not operate as a release in favor of the other obligor, Johnson. We think, however, that an agreement of counsel authorized by his client, as is

here alleged, even though not in writing, becomes binding when fully executed. *Bradshaw* v. *Gormerly*, 54 *Ga.* 557 (2); *Wimberly* v. *Adams*, 51 *Ga.* 423. It is also insisted that the amended plea is defective in that it does not show that the plaintiff itself ever had knowledge of the agreement alleged to have been entered into by its counsel, and that therefore, under the rule of law that knowledge is essential to ratification, the release is not binding upon the plaintiff, and consequently does not bind Butler. But since the amended plea states specifically that the agreement was made by counsel with full authority from the plaintiff, we do not think the doctrine here invoked is applicable, which is to the effect that the unauthorized act of an agent becomes binding when with full knowledge of the facts it is ratified by the principal. *Lampkin* v. *First National Bank*, 96 *Ga.* 487 (23 S. E. 390). The point involving the greatest difficulty to the writer has been to determine whether or not the alleged release set forth in the amended plea was, under the averments as therein made, founded upon a consideration. That a consideration must exist in order to make valid such a release has been decided many times by the Supreme Court and also by this court. *Bruton* v. *Wooten*, 15 *Ga.* 570; *Stamper* v. *Hayes*, 25 *Ga.* 546; *Molyneaux* v. *Collier*, 30 *Ga.* 731; *Fowler* v. *Coker*, 107 *Ga.* 817 (33 S. E. 661); *Williams-Thompson Co.* v. *Williams*, 10 *Ga. App.* 251 (73 S. E. 409). If, for the lack of consideration, the alleged release is not binding upon either of the parties thereto, it would not afford the basis of a discharge in favor of Johnson, the other obligor. We fully agree with counsel for plaintiff in their contention that the failure to make Butler a party defendant in the former writ of error did not render that bill of exceptions subject to dismissal, and therefore we do not think any benefit whatever inured to the plaintiff by reason of the fact that Butler consented to be made a party defendant to it. See *Wyche* v. *Greene*, 16 *Ga.* 47; *McGaughey* v. *Latham*, 63 *Ga.* 67 (2); *Eining* v. *Georgia Ry. & El. Co.*, 133 *Ga.* 458, 463 (66 S. E. 237); *Bank of Covington* v. *Cannon*, 133 *Ga.* 779 (67 S. E. 83). The definition of a consideration in section 4242 of the Civil Code (1910) is as follows: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." So while it is thus true that no possible benefit accrued to the plaintiff

by reason of Butler consenting to become a party defendant to the former writ of error, still, if it be true that by reason of the execution of such alleged agreement any injury resulted to Butler, such injury to him would afford a consideration for the agreement, just as sufficient as would a benefit flowing to plaintiff. If Butler, upon the agreement made for his release, consented to be made a party defendant to the former writ of error, as set forth by the amended plea, he thereby subjected himself to liability for the cost of the writ of error, and by assuming that risk he in law became injured through the consummation of the alleged agreement. While this contention is set forth by the defendant in the brief of his counsel, it is true that it is not thus stated in the amended plea; but, since this result necessarily follows as a matter of law from the statement of facts therein set forth, no necessity existed for outlining in the plea the reason why a valid consideration existed, where, from the statement of facts, it necessarily follows as a legal consequence. It is for this reason that we think the plea as amended shows that the alleged agreement was based upon a legal consideration, and not because of any possible benefit flowing to plaintiff therefrom.

*Judgment reversed. Wade, C. J., and Harwell, J., concur. Harwell, J., was designated to preside instead of Luke, J., who was disqualified.*