12737. MELDRIM *v.* PEOPLES BANK OF SAVANNAH.

Where an action on promissory notes against one whose name appeared only on the back in the form of a blank indorsement was brought by a bank not named thereon, and the petition alleged that he " indorsed " the notes, that they " are unpaid and petitioner is the owner and holder thereof, in due course, bona fide and for value," and that the notes " were duly and legally protested for non-payment and the defendant notified thereof," a cause of action was stated, and the petition was not demurrable on the ground that the defendant's actual relationship to the notes was not disclosed, or that it was not alleged whether or not any of the parties had paid or satisfied the notes or had been released from obligation thereon, or that it was not stated when or how the plaintiff became the owner of the notes.

                    DECIDED MARCH 7, 1922.

    Complaint; from city court of Savannah — Judge Freeman. May 17, 1921.

    *H. P. Cobb,* for plaintiff in error; cited: Civil Code (1910), § 5938; 4 *Ga.* 266 (1); 79 *Ga.* 736; 112 *Ga.* 476 (1); 75 *Ga.* 358; 3 *Ga. App.* 86; 22 *Ga. App.* 694; 6 *Ga. App.* 277.

    *Earl M. Fleetwood,* contra, cited: Norton on Bills and Notes (2d ed.), 153-5; Id. 126 et seq.; 8 Cyc. 95; 145 *Ga.* 864; 116 *Ga.* 933; 6 *Ga. App.* 275 (4) 279; 20 *Ga. App.* 576.

    BLOODWORTH, J. The Peoples Bank of Savannah sued L. K. Meldrim on two promissory notes, both payable to Savannah Collection Agency, both signed by John Hardy Purvis, and both indorsed by him and by L. K. Meldrim, the defendant. It was alleged that petitioner was the owner and holder of the notes " in due course, bona fide and for value," and that " said notes were duly and legally protested for non-payment and the defendant notified thereof." The defendant filed a demurrer as follows: " 1st. Defendant demurs generally to said petition, because no cause of action is set out against him therein. 2d. Defendant

demurs specially to the second paragraph of said petition, because the alleged obligation of this defendant and his actual relationship in regard to the notes is not stated. 3d. Defendant demurs to the third paragraph, because it is not stated how or in what manner the petitioner became the owner and the holder of said notes, nor at what time petitioner acquired such ownership. 4th. Defendant demurs specially to the entire petition, because the relationship of the petitioner to the other parties whose names appear on the note is not disclosed, nor is there any allegation as to whether or not either or any of said parties have paid or satisfied said note or have been released of their obligation thereon."

There is no merit in any of the grounds of the demurrer to the petition, and it was properly overruled. See, in this connection, sections 3541, 3553, and 3559 of the Civil Code of 1910; *Mc-Millan* v. *Heard National Bank*, 19 *Ga. App.* 151 (2) (91 S. E. 235) ; *Crawford* v. *Citizens & Southern Bank*, 20 *Ga. App.* 579 (93 S. E. 173) ; *Johnson* v. *Georgia Fertilizer & Oil Co.*, 21 *Ga. App.* 530 (3) (94 S. E. 850).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*