21979. BARROW COUNTY COTTON MILLS *v.* POWELL, executrix.

STEPHENS, J. 1. The relinquishment of a bona fide claim is a good consideration for a promise. Where a person who had sold cotton "on call" in September, under a contract giving him the right to call it during October at the market price for cotton on that date for December delivery, attempted, within the time limit provided in the contract, to call the cotton, and the opposite party denied that the cotton had been called within that time, and an agreement was afterwards made between the parties by which the purchaser agreed to extend the time limit of the call, in consideration of the seller's abandoning any right of action against the buyer for a breach of the contract, the inference is that it was a bona fide claim of the seller against the buyer which the seller relinquished for and in consideration of the buyer's promise to extend the time of the call for the cotton. The acceptance by the seller of the buyer's promise to extend the time of the call could be implied by the seller's acquiescence and failure to press his claim under the original contract, and in undertaking to call the cotton at a later date within the period of the time of extension. Where the seller made the call within the time limit of the new contract, he was entitled to recover of the buyer at the price fixed by the contract.

2. This being a suit by the seller to recover of the buyer upon the contract extending the time of the call, and the evidence authorizing the inference that the contract as originally made was extended by an agreement which was not void for lack of consideration, and, while there was a conflict in the evidence as to the limit of the time of call under the new contract, the evidence being sufficient to authorize the inference that the call was extended to a period during the month of the following April, and that the seller called the cotton on April 26 and within the extended period, and that the buyer refused to pay the seller an alleged balance due at the price as of the day of the call fixed by the contract, the verdict for the plaintiff was authorized.

(*a*) The evidence authorized the inference that a letter from the buyer to the seller, signed April 30 and after the expiration of the time limit of the call in April, which gave to the seller the right to make the call within the time which had expired, was but a confirmation of the buyer's parol agreement made at a prior date, extending the time of the call, and before the time of call had expired.

3. Whether or not the extension agreement, which was in parol, was within the statute of frauds, the statute was not pleaded, and the evidence tending to establish the contract in parol was not objected to. There is no merit in the contention that the extension agreement was void and unenforceable upon the ground that it was not in writing.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 30, 1932.

*John I. Kelley, M. A. Allison,* for plaintiff in error.
*M. D. Irwin,* contra.