28920. SMITH *v.* DAVIS *et al.*

DECIDED JULY 3, 1941.

*S. Thomas Memory, Ronald F. Adams,* for plaintiff in error.

*J. R. Walker,* contra.

STEPHENS, P. J.   Jacob Davis for himself, and Jacob Davis and nine other named persons as the heirs at law of Mrs. Jacob Davis, deceased, on November 7, 1939, brought suit against Lonnie B. Smith and alleged that the defendant was indebted to them on a certain promissory note.   The petition alleged that the defendant together with J. F. Walker on October 7, 1935, jointly and severally executed and delivered "to the order of Mr. and Mrs. Jacob Davis" the note sued on for the sum of $500, which note was due and payable December 2 "thereafterward," with interest from date at 8 per cent. per annum, in which note the defendant agreed to pay 10 per cent. as attorney's fees if collected by law.   It was further alleged that the following payments had been made:   January 3, 1938, $10; February 2, 1938, $10; March 3, 1938, $10; May 2, 1938, $27.91; May 7, 1938, $10; June 3, 1938, $10; July 2, 1938, $10; August 2, 1938, $10; September 13, 1938, $5; October 6, 1938, $8; November 5, 1938, $10; and December 8, 1938, $10; aggregating $130.91.   The petition further alleged that notice to collect attorney's fees as stipulated in the note was given to the defendant, and that there was due 10 per cent. of the principal and interest $52.98 as such attorney's fees.   The petition further alleged that there was due and owing on the note at the time the suit was filed the sum of $476.65 principal and $53.17 interest to November 7, 1939, which the defendant refused to pay.   On November 25, 1940, the plaintiffs amended the petition and alleged that the deceased wife of Jacob Davis left no will, and no administrator had been appointed to represent her estate, and that the plaintiffs were the sole heirs at law of Mrs. Jacob Davis.

The defendant in his plea admitted the execution of the note, and alleged in his answer that for want of sufficient information he was not able to admit or deny the payments alleged by the plaintiffs to have been made on the note.   The defendant neither admitted nor denied the allegation of the petition as to the notice to collect attorney's fees.   Answering the allegations as to the amount alleged to be due on the note, he alleged that he neither admitted nor denied the amount due on the note as against J. F. Walker,

but that he was not indebted on the note. He denied that he was indebted for any attorney's fees for the reason that he was not indebted on the note. He further alleged that after the execution of the note a contract and agreement were made and executed between the payees of the note and the makers and "Mrs. [Mr.?] J. F. Walker," at which time Jacob Davis, acting for himself and for his wife, agreed and contracted to accept the terms and agreements of the contract for the payment of the note sued on, in which it was understood and agreed that the note was to be paid by Walker out of moneys due to him and to the defendant by the "Federal Rehab. Admr., or its authority," for groceries furnished to farmers for "said administration," and the payee, Jacob Davis, for himself and his wife accepted the terms of the agreement and agreed to release and did release the defendant from any further obligation on the note, and the defendant is not indebted on the note in any amount. The defendant further alleged that he did not receive a copy of this agreement and contract, and that the copy delivered to Walker and the one delivered to Mrs. Walker have been destroyed or lost, and "the said Jacob Davis is hereby notified and required to produce into court the copy of said contract and agreement, which said contract and agreement was executed in the office of one Lee S. Purdom, attorney at law, at some time subsequent to the execution of the note sued on, and accepted and agreed to by said Jacob Davis as aforesaid."

On November 25, 1940, the defendant filed an amendment to his answer in which he alleged that the S. & W. Grocery Company was a partnership composed of J. F. Walker and L. B. Smith; that there was due to the partnership $1350 from the "Federal Rehab. Adm'n. or its authority," in which sum the defendant owned a one-half interest; that for and in consideration of the release by the defendant, L. B. Smith, "of his one-half interest" in this sum "to be paid by J. F. Walker to said Jacob Davis when received from 'the administration,' Davis released and relieved the said Smith from any further liability on the note made jointly by J. F. Walker and L. B. Smith to Jacob Davis and Mrs. Jacob Davis, it being understood and agreed by and between" J. F. Walker, Smith, and Jacob Davis that the note was to be paid by Walker, and that Smith was to be released therefrom when he had released and transferred his half interest in the above sum to Jacob Davis, which he

did; that Walker was to pay Mrs. J. F. Walker a note due to her out of such fund; that such agreement between the partners was made in the presence of Jacob Davis; that Davis acquiesced in this agreement and did relieve Smith from his obligation, and Smith agreed and contracted to pay all other obligations of the partnership other than the indebtedness to Mrs. Walker and to Jacob Davis, and he has paid and satisfied them in accordance with this agreement; that in making such agreement Smith relinquished his right in and to the funds and transferred them to Jacob Davis for the payment of his note, all of which Davis agreed to collect thereafter through Walker, and in pursuance of such agreement Walker made certain payments to Jacob Davis, the dates and amounts of which are unknown to the defendant, and Davis accepted such payments in pursuance of the agreement, and Walker made numerous payments on the note, and Smith, since such agreement, has never made any payments thereon.

On motion of the plaintiffs the judge struck the plea and answer as amended, "for the want of a valid and binding consideration set forth in defendant's plea moving plaintiffs to release defendant from the payment of the note sued on." Thereafter the court rendered judgment in favor of the plaintiffs for the full amount sued for. To this judgment the defendant excepted, and also assigned error on the judgment dismissing the plea and answer as amended.

Jacob Davis and others brought suit against L. B. Smith on a promissory note executed by the defendant and one J. F. Walker in favor of Jacob Davis and his wife. The answer of the defendant, as amended, which was stricken by the court on motion, alleged an agreement between the payees of the note and the makers, by which the payees, in consideration of the transfer by the defendant to the payee Jacob Davis, of the one-half interest of the defendant in an indebtedness due the partnership composed of the defendant and the co-maker of the note, Walker, by a debtor to this partnership, released the defendant from liability on the note. It was further alleged as part of this agreement that Walker, the defendant's co-maker on the note, who was a party to the agreement, was to pay to Davis the defendant's one-half interest when it was paid to Walker by the debtor to the partnership; that Walker made certain payments on the note in pursuance of the agreement, and that the payees of the note accepted such payments "in pursuance of said agreement."

It is contended by the plaintiffs that the alleged agreement to release the defendant was void in that it lacked consideration. "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." Code, § 20-302. The relinquishment of an interest in a valid indebtedness is a valid consideration. *Barrow County Cotton Mills* v. *Powell,* 45 *Ga. App.* 823 (165 S. E. 882). The relinquishment by the defendant of his interest in the claim of the partnership, of which he was a member, against a debtor of the partnership, to one of the plaintiffs, constituted such detriment or injury to the defendant as would constitute a consideration for the release by the payees of the note of the defendant from liability on the note.

The ruling in *Fowler* v. *Coker,* 107 *Ga.* 817 (33 S. E. 661), wherein it was held that an agreement by the payee of a note purporting to release from liability one of the makers of the note was void for lack of consideration, is distinguishable. In that case the maker sought to be released did no act and made no promise as a consideration for the release of him by the payee from obligation on the note.

The plea as amended set up a valid defense. The court erred in striking it, and in thereafter entering judgment against the defendant. *Judgment reversed. Sutton and Felton, JJ., concur.*