## BENSON *v.* DUBLIN WAREHOUSE COMPANY.

*Lumpkin, J.*—1. Where a promissory note is executed by one person, and another, who is not the payee and whose indorsement is neither essential nor proper to the transmission of title to the note, signs his name upon the back of it, he becomes liable thereon either as joint principal or as a surety, but does not, by thus signing his name, enter into such a contract of indorsement as will cut him off from setting up against the payee the defense that the note was founded upon an illegal consideration, and therefore void.

2. A promissory note given for money which had been advanced by the payee to the maker to be used "as margins in speculating in cotton futures," and which the lender had, in the maker's behalf, in fact "placed" for this purpose, is void; and its payment cannot, either as against a principal or a surety thereon, be enforced by suit.

3. Borrowing money to be used in speculating in "cotton futures" is not within the scope of legitimate partnership business. Therefore, where a member of a partnership, without the knowledge of a copartner, borrows money in the partnership name and uses it for this purpose, and such copartner, in ignorance of the truth, joins the other in executing to the lender a promissory note for such money, honestly believing at the time that the note is being given in settlement of a lawful partnership debt, he is not liable on such note to the lender,

99b 303
113 530
99 303
Case 2
116 8
99 303
Case 2
122 71

if it be shown that the latter took the same with full knowledge of all the facts.

4. The court erred in striking the pleas of the defendant in so far as they set up the defenses above indicated.

August 18, 1896.                                                    *Judgment reversed.*

Complaint on notes.     Before Judge Reese.     Wilkes superior court.     November term, 1895.

The Dublin Warehouse Co. sued Thomas E. Fortson as maker, and James A. Benson as endorser, upon two promissory notes.     Benson filed special pleas which were stricken on motion of the plaintiff.     They were in the following words: "For further plea defendant says that the consideration of said notes was in whole or in part money advanced by said Dublin Warehouse Company, to be used as margins in speculating in cotton futures, or options and loans on same; that said company made such advances with full knowledge that the money was to be used by Fortson & Co., as margins in speculating in cotton futures; and in fact said company placed the margins for Fortson & Co. Said transaction was a gaming contract, and the promise founded thereon is founded on an illegal consideration, and is not binding on defendant.     For further plea defendant says, without admitting that any partnership existed between defendant and Thomas E. Fortson in the transactions out of which the debt sued on arose, if it should be held that they were partners, this defendant says that speculating in cotton futures was entirely outside the scope of the partnership business, and this was well known to plaintiff.     The advances for speculative purposes were made to Thomas E. Fortson, and this defendant when he signed the notes sued on had no notice or knowledge of the fact that any portion of the debt for which said notes were given was for such advances.     For further plea defendant says, all transactions between Fortson & Co. and plaintiff out of which the debt sued on arose were carried on by said company with Thomas E. Fortson, this defendant having no

personal connection with or knowledge of them. All advances made by said company to Thomas E. Fortson in his dealings with it were charged on the books of said company to Fortson & Co., and when defendant signed said notes he did so relying upon the correctness of said books and believing that they were proper charges against Fortson & Co. Since signing said notes he has ascertained, and now charges, that a considerable portion of said debt, to wit, one thousand dollars or other large sum, was for advances made Thomas E. Fortson individually as margins in buying and selling cotton futures, and defendant, when he signed the notes, was entirely mistaken as to the fact, and the mistake was brought about by plaintiff's conduct in improperly charging to Fortson & Co., on its books, money advanced to Thomas E. Fortson individually.

"And now comes James A. Benson and says that the notes sued on were given to close up an account claimed by plaintiff to be due it by Fortson & Co., a firm of which it was claimed and alleged he was a partner. He says the account represented by these notes was the balance of account claimed by plaintiff against Fortson & Co., a firm composed of T. E. Fortson and J. A. Benson, and was given to close up said account. He further says the said balance of account was the sole and only consideration of said notes. He further says, that under the allegations in his original plea and this amendment, the taking of these notes as above set forth was a fraud upon him. He further says that the whole of said notes was for money advanced to Fortson & Co. for margins and losses put up in cotton speculation or futures, as set forth in the original plea. These speculations and dealings in futures being gambling operations when cotton was ostensibly bought where there was no expectation of delivery of property under the purchase, no skill or labor or expense entered into the consideration, but the same was a pure speculation upon chances, when it is a contract for a sale of goods to be delivered a future day,

and where both parties are aware that the seller expected to purchase himself to fulfill his contract. Defendant further says, that had he known at the time of endorsing said notes that the consideration in whole or in part was for gambling in future operation of cotton, as alleged, he would never have endorsed the same, and that he signed or endorsed the same believing it represented a legitimate debt due by Fortson & Co. to plaintiff."

*Colley & Sims, S. H. Hardeman* and *Irvin & Wynne*, for plaintiff in error. *M. P. Reese*, contra.