## BOOTH *v.* HUFF.

1. A promissory note executed by two persons, one signing at the bottom of the note and the other upon the back thereof, the latter not being the payee, and which is written, "I promise to pay," is a joint and several note, and the person whose name appears upon the back of the note is, according to the facts connected with his undertaking, liable thereon either in the capacity of a coprincipal or in that of a surety.
2. A judgment against one of two joint and several obligors which has never been satisfied is no bar to a suit against the other.

Submitted May 1, — Decided July 23, 1902.

Appeal. Before Judge Lumpkin. Fulton superior court. September 27, 1901.

*R. B. Blackburn*, for plaintiff in error. *J. M. McAfee*, contra.

COBB, J. Huff brought suit in a justice's court against Booth on a promissory note, and the case was carried by appeal to the superior court. The note sued on was signed by H. F. Harden, and begins with the statement, "Ninety days after date I promise to pay Walter Huff, or order, seventy dollars." On the back of the note the name of "S. Booth" was written. The defendant filed a plea in which he alleged that at a previous term of the court the plaintiff had brought suit on the note against Harden and recovered a judgment against him for the full amount of the note, and this judgment is a bar to the present suit. Upon motion this plea of the defendant was stricken and judgment entered in favor of the plaintiff. To the order striking the plea the defendant excepted.

By signing his name on the back of the note sued on the defendant became liable thereon either as a joint maker or as a surety, but not as an indorser. *Benson* v. *Warehouse Co.*, 99 *Ga.* 303. See also *Quin* v. *Sterne*, 26 *Ga.* 223. If he was a joint maker with Harden, they were under the contract jointly and severally bound to pay. If he was only a surety, they were bound in like manner. A note signed by two persons, which is written, "I promise," is a joint and several note. A note signed A. B., principal; C. D., surety, and written, "I promise," is also joint and several. 1 Dan. Neg. Inst. (4th ed.) § 94, and cases cited ; Story, Prom. Notes, §§ 57 – 8. As the contract contained in the note sued on was a joint and several promise by Harden and Booth, a

judgment against Harden which has not been satisfied would not be a bar to a suit against Booth.    Story, Bills, §§ 430 – 432.    The plea set up no defense, and was properly stricken.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*