### 4176. ARNOLD *et al. v.* ATLANTA OIL & FERTILIZER COMPANY.

1. As a general rule, where the maker and the indorser of a promissory note reside in different counties, suit may be brought on the note in either county, but the maker of a note can not be deprived of his constitutional right to be sued in the county of his own residence by an indorsement procured by the payee without the knowledge and consent of the maker and for the sole purpose of conferring jurisdiction upon the courts of the county of the indorser's residence.

2. The demurrer to the plea of set-off was properly sustained, the allegations thereof being insufficient to show liability of the plaintiff to the defendant.

DECIDED SEPTEMBER 30, 1912.

Complaint; from city court of Atlanta—Judge Reid.  March 27, 1912.

The Atlanta Oil & Fertilizer Company sued J. W. Arnold Jr. and E. C. Arnold, as principal makers, and W. C. Thompson as surety, on a promissory note payable to the plaintiff.  The suit was brought in the city court of Atlanta.  Before pleading to the merits, J. W. Arnold Jr. and E. C. Arnold, at the appearance term, filed a plea to the jurisdiction of the court, alleging that they were, at the time of the filing of the suit, and still are, residents of Walton county, Georgia; that the city court of Monroe, in Walton county, and the superior court of Walton county, had jurisdiction

of their persons, and of the subject-matter of the suit, and that the city court of Atlanta did not have jurisdiction of their persons. They further alleged, that the indorsement of W. C. Thompson, who resided in Fulton county, was obtained for the sole purpose of giving to the courts of Fulton county jurisdiction of the persons of these defendants, and this was done without the consent of the defendants, either express or implied; that the indorsement was obtained as a device, at the instigation of the plaintiff and its attorney, whereby these defendants "should and would be inveigled into the jurisdiction of this honorable court, for the sole purpose of giving this court jurisdiction of the persons of the defendants, and that the same was an effort conceived in fraud, whereby the defendants were to be deprived of their legal rights in the premises." The plaintiff moved to strike this plea to the jurisdiction, upon the ground that it was insufficient; that it failed to show want of jurisdiction in the city court of Atlanta as to defendants in the cause of action upon which suit was brought; that the note appeared on its face to be joint and several; and that the defendant, Thompson, resided in the county of Fulton, which gave the city court of Atlanta jurisdiction of the persons of all of the joint obligors on the note; that the allegation in the plea that fraudulent practices were used by the plaintiff, in order to give the city court of Atlanta jurisdiction of the persons of the defendants, was a mere conclusion of the pleader, without any facts stated in support of such conclusion. The court sustained the motion to strike, and exceptions pendente lite were duly preserved.

The defendant J. W. Arnold Jr. filed a plea of set-off, averring that at the time of the commencement of the suit the plaintiff was indebted to him in "ten per cent. of $11,516.65, to wit, the sum of $1,151.66, which said last named sum is a reasonable, fair, and equitable commission for the collection of plaintiff's notes placed with defendant by plaintiff for collection, together with interest thereon at the rate of seven per cent. per annum." A copy of the account, attached to this plea, shows that before the execution of the note sued on, the defendant J. W. Arnold Jr. had paid over to the plaintiff, on collections made by him for the plaintiff, the sum of $11,516.65, less ten per cent. commission. Subsequently J. W. Arnold Jr. amended his plea of set-off, by alleging that his account against the plaintiff arose as follows: On the first of Sep-

tember, 1910, the plaintiff placed with this defendant certain prom-
issory notes against parties residing in the counties of Walton
and Morgan, and this defendant, with considerable loss of time and
much expense, succeeded in collecting for the plaintiff the aggre-
gate sum above stated; "and, in the absence of any definite agree-
ment as to what defendant was to receive for making such collec-
tions, defendant asks that he be allowed a commission as aforesaid.
It was understood and agreed that he would be paid a reasonable
amount therefor." The plaintiff demurred to the plea of set-off,
on the grounds, that it was insufficient; that it did not show any
contract between them to pay a commission on the collections
made; that it did not show any facts or circumstances that would
authorize the inference that the plaintiff was to pay the defendant
a commission on the alleged collections, and that the plea as
amended was insufficient to show any right on the part of de-
fendant to recover commissions from the plaintiff; that the plea
did not show that the defendant did not retain his commissions
on the collections; that it failed to show that the defendant turned
over any money to the plaintiff that he was entitled to retain as
commissions, and did not show any reason why he turned over to
the plaintiff his commissions, or why he did not retain them if in
fact he paid them over; that the note sued upon having been
executed by the defendant subsequent to the time when he claimed
that the commissions became due to him, his plea of set-off was
insufficient to show that his commissions were not satisfied at the
time of the execution of the note, and the plea did not show any
reason on the part of the defendant for executing the note, if he
had any valid claim against the plaintiff for the commissions.
The court struck this plea, and exceptions pendente lite were
preserved.

The defendant E. C. Arnold filed a plea of suretyship, but no
evidence was submitted in support of the plea. The plaintiff in-
troduced the note sued upon, which showed that the defendants
J. W. Arnold Jr. and E. C. Arnold had each signed it as makers,
and that W. C. Thompson, the other defendant, had signed it as
surety; that it was payable at the Fourth National Bank of At-
lanta, to the order of the plaintiff, and was for $2,003.17 principal.
Thereupon a verdict was rendered in favor of plaintiff, and judg-
ment was entered accordingly. Error is assigned on allowing the

verdict and judgment, because of the erroneous rulings heretofore excepted to, which entered into, affected, and controlled the final judgment.

*Hal G. Nowell, E. W. Roberts,* for plaintiffs in error.

*D. W. Blair, S. D. Hewlett,* contra.

Russell, J. (After stating the facts). 1. This court is of the opinion that the plea to the jurisdiction was sufficient, as against the general motion to strike, filed at the trial term. We all agree that it was defective in form and would have been subject to a timely special demurrer. We do not think that the payee of a note has the right, without the knowledge or consent of the maker and over his objection, to procure the accommodation indorsement of a person residing in a county other than that in which the maker lives, for the sole purpose of obtaining jurisdiction of the person of the maker in the county where the accommodation indorser resides. Every citizen has, subject to certain exceptions expressly declared, the right to be sued at his own domicile, and, unless the case be within one of the exceptions mentioned in the constitution, this right can not be taken away except with the consent of the citizen. It frequently happens that where one in good faith executes a promissory note, expecting at the time to pay it at its maturity, facts may thereafter arise constituting a good defense to the note. In our opinion, the payee of such a note can not, either because he apprehends a defense will be made or after discovering that a defense will be made to it, procure the signature of an indorser or surety residing in any county which he may select, for the sole purpose of obtaining jurisdiction of the maker in that county, unless the maker consents for such indorsement to be obtained. The force of every word in the contract, as well as the legal effect of the contract as a whole, with the resultant consequences to each party, under the law, has its origin in the consent of the parties to the contract in the form in which it was at the time when it was mutually agreed to and executed. If a contract has been so changed that the legal consequences, even though these are only consequences attending its enforcement, are different from the consequences which would have ensued from the enforcement of the contract as made, then the contract has been materially changed; and this change can not be made effectual except by the consent of both parties.

Every one is presumed to know the legal effect of his act, and to anticipate the legal consequences which will legitimately result; but without his consent one can not be bound to a change of his relation to the opposite party to the contract, so that the consequences to himself will be different from what he had the right to expect them to be at the time he entered into the contract. The right of being sued at one's domicile (if one is to be sued at all) is a substantial right provided for the convenience of the citizen, who in every case is brought into court at the demand of another, who seeks to have a liability imposed upon him, and who must establish that liability by proof. The defendant presumptively has wronged no one, nor violated any obligation, and it devolves upon the plaintiff to prove his case by the preponderance of evidence; and if the plaintiff fails in this, the presence of the defendant has been required merely for the purpose of allowing the plaintiff to make the effort to establish his case.

It is alleged in the plea to the jurisdiction that the indorsement was obtained without the consent of the makers, either express or implied, and for the sole purpose of giving the courts of the county in which the indorser resided jurisdiction of the person of the defendants, and was a fraud on the rights of the makers. This averment was sufficient, as a matter of law, against the general motion to strike. Of course, the mere fact that the indorsement was obtained for the single purpose of giving the court of the county of the indorser jurisdiction of the maker, would make no difference if the maker knew of the indorsement and even tacitly assented thereto. Indorsements are frequently required for this purpose, and this is entirely legitimate. What we hold is that such an indorsement, obtained without the knowledge or consent of the maker, does not deprive the maker of the right to be sued in his own county.

2. There was no error in striking the plea of set-off filed by J. W. Arnold Jr. It is true, of course, that where there are two makers of a promissory note, either as principals or indorsers, one can set off an individual claim against the plaintiff, growing out of the transaction which gave rise to the execution of the note. *Wilson* v. *Exchange Bank,* 122 *Ga.* 495 (50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597). Here, however, it is manifest, from an examination of the averments of the plea of set-off, that it was

wholly insufficient to show a prima facie indebtedness by the plaintiff to the defendant. It was insufficient for this purpose for all of the reasons stated in the demurrer to the plea; and this is so manifest that we deem it unnecessary to discuss the question or to cite authorities in support of the judgment of the learned trial judge in striking this plea.

*Judgment affirmed in part, and in part reversed.*