DECIDED JULY 24, 1922.

Complaint; from city court of Hall county — Judge Sloan. November 25, 1921.

*Ed. Quillian,* for plaintiff in error.

*W. V. Lance, P. R. Matthews,* contra.

---

### 13199.   CHANDLER *v.* BANK OF WAYNESBORO.

JENKINS, P. J. The bank sued a corporation as maker and the plaintiff in error and others as indorsers upon a promissory note. The name of the maker was signed at the foot of the instrument, and the names of the plaintiff in error and other defendants were signed upon the back. The note contained an assignment of certain stock certificates and notes receivable as collateral security, and the following provision: " With the further right to said bank to call for additional security, and, on failure to respond, to declare this note due, payable, and collectible." Before maturity the bank, in writing, called on the maker for additional security, to be delivered at a specified time, concluding as follows: " Failing to respond to this call, we will declare all of the above-mentioned notes due and collectible." No such notice was sent to either of the indorsers. The maker advised the bank that it could not comply with the demand, whereupon the bank by letter notified the plaintiff in error and other defendants that in accordance with its right under the note it had accelerated the maturity and declared the note due and payable. The suit was thereupon filed. The plaintiff in error did not in any wise attack the validity of the stipulation contained in the note, but demurred generally to the petition, upon the ground that it nowhere appeared that any notice was given her calling for the additional security, so that she might herself have furnished such new collateral, and that, in the absence of such a notice to her, the action of the bank in attempting to accelerate the maturity of the note amounted to a novation of the contract, increased her risk, and exposed her to greater liability, so as to release her from liability thereon. She excepts to the overruling of this general demurrer. *Held:* So far as disclosed by the petition, the indorsement by the plaintiff in error

on the back of the note not being for a consideration to her or essential or proper to a due transmission of the title, her relation to the bank was one of suretyship only. *Ridley* v. *Hightower*, 112 *Ga.* 476 (37 S. E. 733); *Sibley* v. *American Exchange National Bank*, 97 *Ga.* 126 (4) (25 S. E. 470); *Preston* v. *Dozier*, 135 *Ga.* 25 (68 S. E. 793). The fact that her liability as surety may be joint and several with that of the principal (*Booth* v. *Huff*, 116 *Ga.* 8, 42 S. E. 381, 94 Am. St. R. 98; *McMillan* v. *Heard National Bank*, 19 *Ga. App.* 148, 151, 91 S. E. 235) does not destroy her status as surety. The whole theory of her claim to a discharge is necessarily based upon such right as she may have as a surety. Her contract being thus one of suretyship only, accessory to that of the principal and limited to her obligation to pay the principal's debt (Civil Code of 1910, §§ 3538, 3539; 21 R. C. L. 946, 947; 8 C. J. 73), the bank had no legal right to demand of the surety additional collateral provided for in the instrument, and it was therefore unnecessary for it to do so as a condition precedent to declaring the note due. The general demurrer was properly overruled.

*Judgment affirmed. Stephens, J., concurs.*

DECIDED JULY 24, 1922.

Complaint; from city court of Waynesboro — Judge W. H. Davis. December 14, 1921.

*F. S. Burney, C. H. & R. S. Cohen,* for plaintiff in error.
*Callaway & Howard, E. V. Heath,* contra.