14085.  BANK OF MADISON *v.* BELL.

BELL, J.  1.  " One who wrote his name upon the back of a promissory note merely for the purpose of guarantying its payment, but whose indorsement, because of his not being a party to the paper, was neither essential nor proper to a due transmission of the title thereto, was a surety only." *Ridley* v. *Hightower,* 112 *Ga.* 476 (1) (37 S. E. 733); *Booth* v. *Huff,* 116 *Ga.* 8 (1) (42 S. E. 381, 94 Am. St. R. 98); *Chandler* v. *Bank of Waynesboro,* 29 *Ga. App.* 5 (113 S. E. 25), and cases there cited.  A note payable to A., signed at the bottom by G., with the signature of B. upon the back, is prima facie the obligation of G. as principal and B. as an accommodation indorser or surety.  *Taff* v. *Larey,.* 29 *Ga. App.* 631 (1) (116 S. E. 866), and cases there cited.

2.  A promissory note reciting, " I promise to pay," signed by two persons, one at the bottom of the note and the other on the back, is a joint and several obligation, irrespective of whether the person signing on the back, under the facts connected with his undertaking, is a coprincipal or a surety.  *Booth* v. *Huff,* supra; *Johnson* v. *Georgia Fertilizer Co.,* 21 *Ga. App.* 530 (2) (94 S. E. 850).

3.  " The holder of a joint and several note may sue the obligors jointly or severally, or sue any one of the signers alone.  On such an obligation he may sue the principal and the surety jointly, or at his option he may sue either the principal or the surety alone.  Civil Code (1910), §§ 3553, 3559; *Reid* v. *Flippen,* 47 *Ga.* 273, 275; *McMillan* v. *Heard National Bank,* 19 *Ga. App.* 148, 151 (91 S. E. 235).  A judgment against one of two joint and several obligors which has never been satisfied is no bar to a suit against the other (*Booth* v. *Huff,* supra); and in a suit against both of the signers, on a joint and several promise to pay, a judgment . . against one does not terminate the suit against the other, where the latter, by his silence, consented to a severance. *Merritt* v. *Bagwell,* 70 *Ga.* 578." *Johnson* v. *Georgia Fertilizer Co.,* supra.

4.  The general rule is otherwise where the obligation is a joint one only.  *Almand* v. *Hathcock,* 140 *Ga.* 26 (1) (78 S. E. 345); *Scarborough* v. *Yarborough,* 13 *Ga. App.* 792 (1) (79 S. E. 1131).

5.  This was an action upon a joint and several obligation against G. as maker and B. as apparent accommodation indorser.  At the April term, 1922, the plaintiff procured a judgment against G., with no disposition

of the case as to B. At the following October term the plaintiff proposed to proceed to a trial against B. for an amount equal to the unpaid balance of the judgment against G., when, upon the motion of B., the suit was dismissed " on the ground that separate verdict was had against the principal [G,] at different term of court." To this judgment the plaintiff excepted. *Held*: In such a case the burden is upon B. to show his discharge from the action by the satisfaction of the judgment against G. *Almand* v. *Hathcock*, 140 *Ga.* 26, 27 (78 S. E. 345). It was therefore not proper to dispose of the case upon the record, by sustaining the motion to dismiss, there being a prima facie right in the plaintiff to proceed against B.

> *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED JUNE 25, 1923.

Complaint; from city court of Madison — Judge Lambert. October 12, 1922.

*E. W. Butler,* for plaintiff.    *M. C. Few,* for defendant.