### 15115.   FURST & THOMAS *v.* ADAMS *et al.*

This was a suit against a principal and alleged sureties on a contract. The contract signed by the alleged sureties, properly construed, was one of guaranty, and not of suretyship. The court therefore properly sustained the demurrer pointing out a misjoinder of causes of action and a misjoinder of parties. *Musgrove* v. *Luther*, 5 *Ga. App.* 279; (63 S. E. 52); *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698 (1) (116 S. E. 903), and citations.

DECIDED JANUARY 15, 1924.

Action upon guaranty; from Clayton superior court — Judge Hutcheson. September 28, 1923.

Application for certiorari was denied by the Supreme Court.

*Brandon & Hynds, O. J. Coogler, Frank C. Tindall,* for plaintiffs.

*H. A. Allen, J. W. Culpepper,* for defendants.

LUKE, J. A brief statement of the facts is necessary to an understanding of the ruling announced in the headnote. From the plaintiffs' petition it appears that Furst & Thomas, wholesale dealers, entered into a contract with one Morris, a retailer, therein referred to as a "salesman," by the terms of which they were to sell him goods on credit, and he in turn was to sell such goods at retail, pay for them as sold, and make to the wholesalers weekly reports of and remittances for all goods thus sold by him. After much detail respecting those matters, the contract stipulates: "It is expressly understood and agreed between the parties that this contract as signed by them constitutes the sole and entire agreement between them, and no modification of this contract, written or verbal, shall be binding upon either of the parties unless in writing, signed by them, and attached hereto." That contract was signed by Furst & Thomas and by Morris, but not by the other defendants. Annexed thereto was another contract, to which Morris was not a signatory party, but which was signed by the other two defendants alone, reading as follows: "For and in consideration of the payment of $1.00, the receipt of which is hereby acknowledged, and the extension of credit to the above-named salesman by Furst & Thomas, we, the undersigned, jointly and severally guarantee to them the faithful performance of this contract by him and payment for goods furnished to him on credit, as provided by the above agreement, waiving acceptance of this guaranty and all notice; and we agree that the written acknowledgment of his account by the said salesman shall bind us, and that any extension of time shall not release us from liability thereon; and we further agree that, upon three months from the termination of the above agreement by either party and the nonpayment of his account by said salesman, this guaranty shall become absolute as to the amount due [by?] him, and, upon demand, we promise to pay the amount due Furst & Thomas, without any proceedings being taken by them against said salesman."

The suit was for the recovery of $1,096.32, besides interest, for goods alleged to have been purchased by Morris under his contract but not paid for by him, and it was alleged that the other defend-

ants had refused to pay the same upon demand, contrary to the terms of their contract. Morris made no defense. The other defendants demurred upon the ground that there was a misjoinder of parties defendant and of causes of action. The court sustained the demurrer and allowed the plaintiffs ten days in which to cure the defects by amendment; but, instead of so amending their petition, they sued out a writ of error to this court, complaining of the trial judge's ruling upon the demurrer.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*