17008.   FEDERAL RESERVE BANK OF ATLANTA *v.*
LANE *et al.*

The maker and the accommodation indorser of a promissory note, who resided in different counties, could be sued jointly in the county of the residence of the indorser.

DECIDED MARCH 2, 1926.

Complaint; from Seminole superior court—Judge Yeomans. October 21, 1925.

*Vance Custer Jr.,* for plaintiff.

LUKE, J.   In Seminole county the Federal Reserve Bank sued Lane, a resident of Miller county, Georgia, and Vanlandingham, a resident of Seminole county, upon a promissory note. The petition alleged that Lane was the maker and that Vanlandingham was an indorser. Vanlandingham pleaded "that he was and is only an accommodation indorser on said note." Lane pleaded that he was not a resident of Seminole county, but was a resident of Miller county. The record shows that a second original was, by proper order of court, issued, with appropriate process, and was duly served by the proper officer upon Lane in Miller county. No traverse of the entry of service was made by Lane. Upon the hearing of the case Lane did not appear in person to testify, but Vanlandingham testified that Lane resided in Miller county, and that the note sued upon was a renewal of a note originally payable to him and subsequently made to the bank, and that he indorsed the note as a surety or indorser; that the purpose of his indorsement was that he should stand personally good for the payment of the note. Upon the conclusion of the evidence the court passed the following order: "On motion of plaintiff's coun-

Venue, 40 Cyc. p. 99, n. 87; p. 100, n. 91.

12

sel, it appearing to the court that H. G. Lane as maker of the note sued on is a resident of Miller county, Georgia, and that W. H. Vanlandingham is only an indorser on said note and is a resident of Seminole county, Georgia, and it further appearing that this suit should have been brought in the county of the residence of the maker of said note, the within suit is dismissed and, the pleas to the jurisdiction are sustained with cost against the plaintiff." Error is assigned upon this ruling.

The judgment of the court in sustaining the pleas to the jurisdiction and in dismissing the suit was error. The defendant Vanlandingham pleaded that he was an accommodation indorser. "The principal and surety to a promissory note are joint and several promisors, and joint promisors may be sued in the residence of either." *Heard* v. *Tappan,* 116 *Ga.* 933 (43 S. E. 377); Civil Code (1910), § 3541. See also *Booth* v. *Huff,* 116 *Ga.* 8 (42 S. E. 381, 94 Am. St. R. 98). The plea of Vanlandingham and his evidence, construed most strongly against him, brought Lane and Vanlandingham into the cause as joint promisors, and the suit could properly have been brought either in Miller or in Seminole county. See, in this connection, *Daniel* v. *Browder-Manget Co.,* 11 *Ga. App.* 789 (76 S. E. 176), and cases cited. The two cases, *Glennville Bank* v. *Deal,* 146 *Ga.* 127 (1) (90 S. E. 958), and *Arnold* v. *Atlanta Oil & Fertilizer Co.,* 11 *Ga. App.* 581 (1) (75 S. E. 900), are, in our opinion, in conflict, but the conflict, under the facts of this case, is immaterial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*