## HARDESTY v. YOUNG et al.

District Court, D. Minnesota, First Division. August 14, 1929.

Briggs, Weyl & Briggs, of St. Paul, Minn., and Walter C. Hardesty, Jr., of Daytona Beach, Fla., for plaintiff.

Peterson & Jackson, of St. Paul, Minn., and Phillips & Lindemeier, of Lake City, Minn., for defendants.

SANBORN, District Judge. This suit is brought upon the following promissory note made in Georgia:

"$15,000.00                      April 11th 1927.

"On or before April 11th 1929—after date I promise to pay to the order of Annie Hardesty, Fifteen Thousand ($15,000.00) and 00/100 dollars. Payable at Atlanta, Ga. Value Received, with interest from date until paid, at seven per cent. per annum, payable semi-annually, with all costs of collection, including ten per cent., as attorney's fees, if collected by law or through an attorney. And each of us, whether principal, security, guarantor, endorser, or other party hereto, hereby severally waives and renounces, each for himself and family, any and all homestead or exemption rights either of us or the family of either of us may have under or by virtue of the constitution or laws of Georgia, any other state or the United States, as against this debt or any renewal thereof. And each further waives demand, protest and notice of demand, protest and non-payment. Given under the hand and seal of each party.

"[Signed]   Ethel H. Young, Principal.
                                      [Seal.]

"[Signed]   Albert F. Young, Surety.
                                      [Seal.]"

Indorsed on the back thereof:

"Credit for Bill Lindley Account $300.00 October 11th 1927 Int. to date $514.50"

The only controversy is between the plaintiff and the defendant Albert F. Young, the surety on the note. His defense is a discharge in bankruptcy upon a voluntary petition filed before the note was due. It is conceded that the note was set forth in the schedules of the bankrupt, and that the plaintiff had notice of it. The plaintiff claims that the debt was not a provable one and that the discharge is no defense, and the defendant Albert F. Young claims that it was provable and that the discharge destroyed the remedy of the plaintiff.

The Supreme Court, in Williams v. U. S. Fidelity Co., 236 U. S. 549, 556, 35 S. Ct. 289, 291 (59 L. Ed. 713), said: "Within the intendment of the law provable debts include all liabilities of the bankrupt founded on contract, express or implied, which, at the time of the bankruptcy, were fixed in amount or susceptible of liquidation."

The note is an express contract, the amount of it is fixed, and it would appear that the only question is whether it constituted, at the time of the filing of the voluntary petition, a liability of the bankrupt. The contention of the plaintiff is that the bankrupt was only secondarily and contingently liable at that time, and did not become primarily or jointly liable with the principal upon the note until its maturity.

It seems to be settled beyond dispute that at common law the surety upon a note is primarily liable. 8 C. J. 73. It is there said: "In general the surety's liability as a party to the paper corresponds to that of his principal toward holders of the paper; and the fact that a signer is a surety does not diminish his liability to the holder of the instrument; and where several persons sign a note as comakers they will be liable alike as such, although the word 'surety' is added to the signature of some of them. Thus a surety for the drawer is liable as drawer, and a surety for the maker is liable as maker."

In Kroncke v. Madsen, 56 Neb. 609, 612, 77 N. W. 202, 203, the court said: "It is not true, as this instruction asserts, that a surety on a note is not liable for its payment to the payee as fully and to the same extent as the principal maker. The liability of the surety for the debt to the holder of the obligation is no greater and no less than that of the principal."

In Omaha Nat. Bank v. Johnson, 111 Wis. 372, 374, 87 N. W. 237, 238, it is said: "The rule is well settled that wherever, as between joint or several obligors to a contract, the duty of the one is primary, and of the other secondary, so that, as between themselves, the obligation or the debt is properly that of the former, who thus owes to the latter the duty of exoneration, the relationship of principal and surety exists, no matter what the form of the contract, or how absolute may be the undertaking of him who is in fact the surety. This relationship can-

not vary or diminish the rights of the creditor upon the original contract. He may even ignore the principal debtor, and sue the surety alone, at his will or convenience, if the form of the contract warrants. But, if the fact of the true relationship between the debtors is brought to his knowledge, he owes to him who is only secondarily liable that duty which the creditor uniformly owes to the surety, of having no transactions or dealings with the principal debtor which shall vary the surety's position, or jeopardize him. This duty rests upon the actual relation between the parties, and cannot be obscured or excused by any considerations of form or manner of contracting."

In Uniform Laws Annotated, vol. 5, Negotiable Instruments Act, p. 528, under section 192—"Person Primarily Liable on Instrument," it is said: "A surety on a note is a person primarily liable"—citing cases.

It seems apparent that, under the common law, and under the Uniform Negotiable Instruments Act as well—which was in force in Georgia (Michie's Civ. Code Ga. 1926, § 4294(192), at the time this note was made— the principal and surety on a note are in effect comakers, primarily and jointly liable so far as their relation to the holder of the note is concerned. As between themselves, the principal is primarily liable and the surety secondarily liable.

The plaintiff contends that, under the statutes of Georgia—which she asserts have not been repealed or superseded by the Uniform Negotiable Instruments Act—a different rule applies to the liability of the surety upon this note. Sections 3538 and 3539, Michie's Civ. Code Ga. 1926, provide:

Section 3538. "The contract of suretyship is that whereby one obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor."

Section 3539. "The obligation of the surety is accessory to that of his principal, and if the latter from any cause becomes extinct, the former ceases of course, even though it be in judgment. If, however, the original contract of the principal was invalid from a disability to contract, and this disability was known to the surety, he is still bound."

I do not find that the law of Georgia, even before the adoption of the Negotiable Instruments Act, differed in any substantial respect with reference to the obligation of a surety upon a promissory note from the law of other states. Bank of Madison v. Bell, 30 Ga. App. 458, 118 S. E. 439; Mulling v. Bank of Cobbtown, 36 Ga. App. 55, 135 S. E. 222.

My conclusion is that the liability of Albert F. Young as a surety upon this promissory note constituted a provable debt at the time his petition in bankruptcy was filed, and that his discharge in bankruptcy is a complete defense.

I therefore find generally that the plaintiff is entitled to judgment against Ethel H. Young, as demanded in the complaint; that all the other defendants are entitled to judgment that the action be dismissed as to them and for their costs and disbursements. Let judgment be entered accordingly.

In order to preserve the rights of the plaintiff upon appeal, she is allowed an exception to the denial of her motion for judgment against the defendant Albert F. Young, made upon the sole ground that the evidence will support no other conclusion.