27248. W. T. RAWLEIGH COMPANY *v.* BURKHALTER.

Decided February 28, 1939.

*T. Glenn Dorough,* for plaintiff.

*Lanham & Parker,* for defendant.

GUERRY, J. W. T. Rawleigh Company entered suit against W. I. Burkhalter, alleging that he had entered into a contract of guaranty whereby he became, together with S. A. Garrett and J. W. Banister, jointly and severally liable on a contract attached, for certain merchandise sold by the plaintiff to K. S. Vann. The petition alleged that W. T. Rawleigh Company had entered a former suit against K. S. Vann as principal, and the above-named parties, for the

amount alleged to be due by K. S. Vann; that this suit was in default as to all the parties except Burkhalter, and that Burkhalter filed a demurrer thereto on the ground that the contract sued on was one of guaranty and not of suretyship and that he could not be sued in the same action with Vann, the principal therein. This demurrer of Burkhalter was sustained, and the plaintiff then took judgment by default against Vann, Banister, and Garrett. Execution was issued, and a return of nulla bona was entered thereon. This present petition against W. I. Burkhalter was then filed, alleging the facts stated above and alleging also that K. S. Vann was insolvent. The demurrer to the present suit was that it set forth no cause of action, and that it disclosed that the plaintiff brought the original action against K. S. Vann, as principal, and Garrett and Banister as sureties, and took a judgment thereon, and that such judgment automatically released this defendant from any further liability on the contract of guaranty. This demurrer was sustained, and is before this court on exceptions to that ruling.

It will be noted that the first action upon which a judgment was entered against K. S. Vann, principal, and S. A. Garrett and J. W. Banister, was also served upon the defendant Burkhalter. He alone demurred, and his demurrer was sustained on the ground that he was a guarantor and could not be sued in a joint action against his principal. No exception was taken to the sustaining of this demurrer, and the present suit on the contract of guaranty was then filed. The demurrer to the present suit was sustained on the ground that the entering of a verdict and judgment in the former action against Vann, the principal, and his cosureties or guarantors, automatically discharged Burkhalter.

If the obligation sued on in the first instance had been a joint obligation alone, this ruling would have been proper. It was, however, a joint and several obligation. In *Almond* v. *Hathcock*, 140 *Ga.* 26 (78 S. E. 345), it was said: "The general rule is that where a joint contract is the subject of a suit, a recovery against one of the joint obligors merges the entire cause of action, and bars any subsequent suit on the same contract against any of the other debtors." See also *Scarborough* v. *Yarbrough*, 13 *Ga. App.* 792 (79 S. E. 1131). A different rule applies where the obligation sued on is joint and several, as was the obligation in the present case. "A judgment against one of two joint and several

obligors which has never been satisfied is no bar to a suit against the other." *Booth* v. *Huff*, 116 *Ga.* 8 (2) (42 S. E. 381, 94 Am. St. R. 98); *Johnson* v. *Georgia Fertilizer & Oil Co.*, 21 *Ga. App.* 530 (3) (94 S. E. 850); *Bank of Madison* v. *Bell*, 30 *Ga. App.* 458 (3) (118 S. E. 439); *Barnett* v. *Ferris*, 39 *Ga. App.* 206 (146 S. E. 345); Code, § 3-114. It was therefore no bar to the present action that a judgment had been obtained against the principal and coguarantors, which judgment remained unsatisfied.

The defendant in error insists that the question is not one of merger but of estoppel by election of remedies, because the plaintiff had elected to proceed against the principal and other signers of the bond or contract of guaranty, as cosureties, and was therefore estopped from bringing the present action. The case of *Schlittler* v. *Deering Harvester Co.*, 3 *Ga. App.* 86 (59 S. E. 342), is cited in support of this position. In that case the plaintiff had proceeded against the principal debtor and had failed to recover, and it was held that this result ipso facto extinguished the obligation of the sureties or of the guarantors. In the present case a judgment was obtained against the principal. The coguarantors with Burkhalter failed to answer or demur, but suffered a judgment to be taken against them. Burkhalter asked for, by demurrer, and obtained a ruling by the court, that he was a guarantor, and was not therefore subject to be sued in an action brought against his principal. *Musgrove* v. *Luther Publishing Co.*, 5 *Ga. App.* 279 (63 S. E. 52); *Stanfield* v. *McConnon*, 25 *Ga. App.* 226 (102 S. E. 908); *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698 (116 S. E. 903); *Furst* v. *Adams*, 31 *Ga. App.* 520 (121 S. E. 252); *Rawleigh Company* v. *Watson*, 33 *Ga. App.* 344 (126 S. E. 301).

The fact that a joint action was brought in this case against Vann, the principal, and the other named parties as sureties or guarantors, and that a judgment by default was obtained against all of them, except the defendant in the present case who successfully contended that he was a guarantor and could not be sued in that action, will not estop the plaintiff from bringing his action against him as such guarantor. Estoppel is applied only where it appears that it would be inequitable for the plaintiff to proceed because the defendant has been injured by reason of the action of the plaintiff. The person complaining must have been induced to act by reason of such conduct of the other in such a manner as to

change his position for the worse. *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29). Waiver, rather than estoppel, is what the defendant in error insists has prevented the plaintiff from bringing his present action. "Waiver is a voluntary relinquishment of some known right, benefit, or advantage, which, except for such waiver, the party otherwise would have enjoyed," *Kennedy* v. *Manry*, supra. What right, if any, did the plaintiff waive by bringing his action against the defendant in this case as a surety? The only difference between a contract of suretyship and one of guaranty is the question. as to whom the consideration flows. In a suretyship the consideration flows to the principal, in a guaranty the consideration flows to the guarantor. Code, § 103-101. As was said in *Small Co.* v. *Claxton*, 1 *Ga. App.* 83 (57 S. E. 977); "It makes no sort of difference whether the consideration of the contract is a benefit flowing to the maker, to the third party for whose benefit the contract was made, or results in injury to the promisee. In either event the *substance* of the contract is the same, and the maker thereof undertakes to pay the debt if not paid by the party for whose benefit the contract was made, whether it be a guaranty or suretyship. . . We have little sympathy with artificial distinctions between principles of law which present no substantial difference as to matters of right and justice, which tend to confuse rather than enlighten, and to furnish loopholes for technical escapes from contract obligations."

Burkhalter obligated himself to pay any debt incurred by Vann with the plaintiff in this case. He was liable thereon, either as surety or as guarantor. The plaintiff sued him as a surety. He procured a ruling from the court that he was a guarantor and as such might not be sued in the same action proceeding against his principal. His cosureties or guarantors offered no objections and interposed no defense and judgment was taken against them as sureties. In either event, they were jointly and severally liable, and a judgment against one did not prevent a subsequent action against the other. Burkhalter has not suffered any detriment because the plaintiff sought to bind him as a surety on his contract. Having asked for and obtained a ruling favorable to himself, he may not now set up that ruling as a reason to escape any and all liability on his contract. *Buller* v. *Tifton, Thomasville & Gulf Ry. Co.*, 121 *Ga.* 817; *Brown* v. *State*, 109 *Ga.* 570. The

original suit in so far as he is concerned, was as if it had never been filed against him. If the plaintiff had elected to sue Vann individually, or Banister and Garrett individually, and had obtained judgment in such actions, this would not prevent an action being subsequently brought against Burkhalter. The plaintiff has done nothing which will relieve Burkhalter's obligation on his contract, whether it be one of guaranty or suretyship,—there is no inconsistency in the remedies sought. The fact that judgment has been obtained against Banister and Garrett as sureties, without objection on their part, does not prevent an action against Burkhalter as guarantor on his contract. There has been no waiver or estoppel because of inconsistent remedies sought to be invoked. Under the ruling invoked and obtained by Burkhalter in this case, he may be sued only as a guarantor. It matters not that a judgment was obtained against others as sureties; he still remained liable on his contract. The court erred in sustaining the demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*